[S. F. No. 3852.   Department One.—September 16, 1904.]

RACHAEL GUTTER, Respondent, v. GEORGE C. DAL-
LAMORE, Administrator, etc., et al., Respondents;
HENRY PAUSMANN and ANNIE PAUSMANN, Ap-
pellants.

ESTATES OF DECEASED PERSONS—SALE OF LAND—RELATION OF TITLE—
MORTGAGE BY HEIR—ASSIGNMENT OF ESTATE AS SECURITY—LIEN
UPON MONEYS.—The title of land sold by an administrator under
an order of the court, to pay debts and expenses of administration,
relates to the death of the decedent, and divests the lien of a mort-
gage made thereon by an heir, and such mortgage cannot be fore-
closed as against the purchasers; but where the heir also assigned
to the mortgagee, as security for the same debt, all of his interest
in the estate, the assignee is entitled to enforce a lien upon the
interest of the heir for the amount found due, with costs, to be paid
out of moneys in the hands of the administrator belonging to the
heir.

ID.—SALE OF WHOLE OF CITY LOT.—Though the aggregate of the debts
and expenses of administration is small in comparison with the
value of a city lot sold therefor, this court cannot inquire as to
the propriety of the action of the court in ordering a sale of the
whole of the lot instead of a part only thereof.

ID.—SALE FOR ADVANTAGE OF ESTATE.—A sale of land for the advantage,
benefit, and best interest of the estate, though invalid as to titles
vested prior to the amendment of 1893 to section 1536 of the Code
of Civil Procedure, is valid as to titles vested subsequent to that
amendment.

ID.—ERRONEOUS JUDGMENT OF FORECLOSURE—COSTS.—A judgment fore-
closing the mortgage to the heirs as against the purchasers at the
probate sale is erroneous; and the purchasers are entitled to recover
their costs in the court below.

ID.—CONSTRUCTION OF FINDINGS—DEFENSE OF PURCHASERS.—Findings
that the property involved was sold at private sale by the adminis-
trators to the defendants as purchasers for the sum named are
to be construed in connection with other findings as intending to
find upon a defense of the purchasers to the foreclosure of the
mortgage of the heir, that the property was sold under an order
of the court, that the sale was confirmed, and a deed executed to
them as purchasers.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

B. S. Wilkins, for Appellants.

George W. Schell, for Rachael Gutter, Respondent.

J. E. Barry, for George C. Dallamore, Administrator, Respondent.

R. F. Mogan, and Leon Samuels, for Mark Dallamore, Respondent.

SMITH, C.—This is an appeal by the defendants Pausman from a judgment foreclosing a mortgage of defendant Mark Dallamore to plaintiff. The case is: Mark Dallamore, one of the heirs of the deceased Elizabeth Dallamore, and as such entitled to one third of her estate, by writing, of date November 18, 1901, mortgaged to the plaintiff his interest in a lot belonging to the estate, to secure his promissory note for the sum of two hundred dollars, with interest thereon at the rate of *ten per cent per month;* and for further security also assigned to him his whole interest in the estate, with power as his attorney to demand and receive the same from the administrator. Afterwards,—it is alleged in the answer of the defendants Pausman,—by an order of the superior court in which the matter of the estate was pending, the lot referred to in the mortgage was sold to the Pausmans by the administrator for the sum of fifty-five hundred dollars, and the money having been paid, the sale was confirmed by the court, and a deed executed to him by the administrator. Since then it appears there has been an order of final distribution of the estate, and there is now in the hands of the administrator to be distributed to the heirs of the deceased the sum of $5,009.50, being, it is found, proceeds of the sale; and of that amount, one third ($1,669.69) belongs to the defendant Mark Dallamore. The amount due on the note is found to be the sum of two hundred dollars, with interest at the rate of ten per cent *per annum,* and costs of attorney's fees, aggregating $314.66; of which amount the sum of $280.26 (the aggregate amount less costs) is found to be a lien on the mortgaged land, and also "upon the money in the hands of the defendant (administrator), belonging to the defendant Mark Dallamore."

The judgment is for the foreclosure of the mortgage, and

for payment of the deficiency, if any, by the defendant administrator, out of the money of the mortgagor in his hands. No specific mention of the rights of the defendants Pausman is made in the decree or in the conclusions of law,—unless it be that it is recited in the decree that they had appeared by counsel, and that it was ordered that "judgment be entered in favor of the plaintiff and against the defendants" generally. But from the general terms of the decree, it can hardly be construed otherwise than as foreclosing their rights. No briefs are filed on behalf of the respondents Dallamore; and the rights of the plaintiff will not be substantially affected by the result of the appeal, provided the sum due her is paid, either by foreclosure, or out of the fund in the hands of the administrator. There is therefore no question as to the substantial rights of the parties. But some embarrassment arises from the indefinite character of the findings of the court with regard to the probate sale set up by the defendants Pausman. With regard to this, as stated above, it appears from the specific allegations of the answer that the land in question was sold to the Pausmans for the sum of fifty-five hundred dollars, under order of the probate court; and that the sale was confirmed, the purchase money paid, and the deed executed and recorded. But the finding is, simply, "that the property was . . . sold at private sale by the administrator to the defendants Pausman" for the sum named; and the question is whether this is to be construed as an affirmative finding upon the issues presented. If so, we think the judgment should be modified. Otherwise, there is an entire absence of findings upon the defense presented in the answer, and the judgment should be reversed on that account. The question is therefore immaterial, except as affecting the form of the judgment to be rendered here.

On this question it is assumed by the counsel of both parties in their briefs that the finding is to be construed as above indicated; and comparing it with the other findings and the answer, this, we think, is the correct position. For, properly speaking, to say that the land was "sold" by the administrator is to say that it was sold under the order of the court; for in no other way could the administrator have sold it. And that this was what was intended by the court is indicated by the reference to the administrator's petition for sale imme-

diately preceding; and also by the findings as to the payment of the purchase money, and its distribution by final decree, and as to the lien of plaintiff on the mortgagor's share of the money in the hands of the administrator. From which it is also to be inferred that the sale was confirmed and the deed made as alleged. Nor is it to be presumed, unnecessarily, that the court did not intend to find upon the issues presented. We are of the opinion, therefore, with the counsel of both parties, that the findings are to be construed as indicated.

Upon this assumption the position of the appellants is, that under the provisions of section 1555 of the Code of Civil Procedure the title acquired by the Pausmans related back to the time of the death of the decedent, and conveyed her title as it then existed. From which it would follow that the interest of the mortgagor in the mortgaged premises is now vested in the Pausmans, free of the lien of the mortgage. The contrary is claimed by the respondent on the authority of the decision in the *Estate of Packer*, 125 Cal. 396,[1] and upon the principle asserted in *Brenham* v. *Story*, 39 Cal. 179, and other cases cited, that the title of the heir becomes vested upon the death of the ancestor, subject only to "liens of creditors, . . . expenses of administration, and the temporary right of possession of the administrator." The position assumes that the provisions of section 1536 of the Code of Civil Procedure, as amended in 1893, in so far as they authorize a sale "for the advantage, benefit, and best interests of the estate," are unconstitutional. It was so held in the *Estate of Packer*, 125 Cal. 396,[1] as to titles vested prior to the date of the act, but the decision was limited to such cases; and it has since been held, as to cases of titles vested subsequent to the amendment, that the act is constitutional. (*Estate of Porter*, 129 Cal. 86.[2]) In the present case, it also appears from the findings that the sale was in fact made for debts and expenses of administration; and though the aggregate of these was small compared with the value of the property sold,—which was a city lot,—we cannot inquire as to the propriety of the action of the court in ordering a sale of the whole of the lot instead of a part only. We are of the opinion, therefore, that the contention of the appellants

---

[1] 73 Am. St. Rep. 58.            [2] 79 Am. St. Rep. 78, and note.

on this point should be sustained, and that their title must be regarded as vested as of the date of the death of decedent, as provided in section 1555 of the Code of Civil Procedure.

It follows that the judgment of foreclosure was erroneous, for the double reason that the interest of the mortgagor has become vested in the appellants free of the lien, and—there being no longer any interest in the mortgagor to be sold—that a sale would be an idle act. (Civ. Code, sec. 3532; *Toby* v. *Oregon Pacific Co.,* 98 Cal. 495; *Merced etc. Bank* v. *Casaccia,* 103 Cal. 641; *Savings Bank* v. *Central Market Co.,* 122 Cal. 33 et seq., and authorities cited. )

It is, however, found by the court, that the plaintiff has a lien on the funds of the mortgagor in the hands of the defendant administrator; and for the purpose of securing the amount due her, she is the assignee of the mortgagor's interest therein with power as his attorney to demand and receive the same. She is therefore entitled to recover of the administrator, payable out of the share of Mark Dallamore in said estate, the amount due her, with costs, as found by the court, and it should be so adjudged. (Code Civ. Proc., sec. 1666; *Curtis* v. *Schell,* 129 Cal. 208;[1] *Martinovich* v. *Marsicano,* 137 Cal. 354.) The defendants Pausman are entitled to their costs in the lower court.

We advise that the judgment be reversed and the cause remanded, with directions to the lower court to modify the judgment as indicated in this opinion, and that the judgment as thus modified shall stand affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded, with directions to the lower court to modify the judgment as indicated in this opinion, and that the judgment thus modified shall stand affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.

[1] 79 Am. St. Rep. 107.