# MATTER OF ESTATE

## OF ARTEL LAMOUREUX, DECEASED

### SUPERIOR COURT, COUNTY OF ALAMEDA

( Constitution; Statutes; Interpretations )

February 15th, 1922.

Petition by widow of Art Lamoureux deceased, to have entire setate exceeding $1500 but not more than $2500 set aside to her under Code Civ. Proc. Sec. 1469. Petition denied.

1. STATUTES. CONSTRUCTION — RULES — LEGISLA-TIVE INTENT.

All problems of statutory construction resolve themselves into questions of legislative intent, that intent to be determined by the application of certain guiding rules.

2. STATUTES. CONSTRUED NOT TO AFFECT VESTED RIGHTS.

No statute should be interpreted to affect vested rights, unless its language clearly requires such interpretation.

3. CONST. LAW — DUE PROCESS — RETROSPECTIVE LAW — VESTED RIGHTS.

A retrospective law affecting vested rights is unconstitutional because it takes property without due process of law.

4. STATUTES. CONSTRUED RETROSPECTIVE ONLY WHEN TERMS REQUIRE.

Legislative acts are not to be considered retrospective unless the intent to make them so clearly appears from their terms.

5. CONST. LAW. LEGISLATIVE POWER — VESTED IN HEIRS — DIVESTED FOR ADMINISTRATION ONLY.

The title to all property vests in the heirs, devisees and legatees immediately upon the death and cannot be divested by legislative acts except for purposes of administration.

6. EXECUTORS AND ADMINISTRATORS — WIDOW'S RIGHT TO HAVE PROPERTY SET ASIDE — DETERMINED BY DEATH — NOT RETURN OF INVENTORY.

The time of the return of the inventory does not determine the right to the setting aside of the property since all

property rights vest at the time of the death and what Code Civ. Proc. Sec. 1469 means is that the inventory must be returned before the petition to set aside estate to widow or minor children can be filed, in view of sections 1433 and 1450 fixing time for filing inventory.

### 7. EXECUTORS AND ADMINISTRATORS—WIDOW'S ALLOWANCE OF PROPERTY — LAW AT TIME OF DEATH APPLIES.

Where a husband died prior to the going into effect of amendment of 1921 of Code Civ. Proc. Sec. 1469, increasing the value of the estate to be set aside from $1500 to $2500, the old law applies, since the estate vested upon the death and not on the return of the inventory and a petition under the amended act must be denied.

---

E. C. Robinson, Judge.

---

In the Superior Court of the State of California

In and for the County of Alameda.

Decision No. 27577.  Dept. No. 4.

In the matter of the estate of Artel Lamoureux, deceased.

This matter comes before the Court on petition of the widow of the deceased to have the entire estate set aside to her under Section 1469 C. C. P.    The net value of the estate, after making the deductions permitted by the section, exceeds $1500, but is not more than $2500.    The deceased died prior to the going into effect of the amendment of 1921 (July 29, 1921) increasing the value of the estate to be set aside from $1500 to $2500.    The widow has not since remarried.

The question therefore arises:    Is the amendment increasing the value of the estate that may be set aside applicable to cases where the decedent died before July 29th, 1921?

There seems to be no decision of our Supreme Court or Court of Appeals directly in point.

All problems of statutory construction resolve themselves into questions of legislative intent, that intent to be determined by the application of certain guiding rules. Two of these rules bear upon the question here involved:

(1) No law shall be interpreted so as to affect vested rights, unless its language clearly requires such interpretation. (2) A retrospective law affecting vested rights is unconstitutional because it takes property without due process of law.

If the application of said amendment to cases where the decedent died prior to July 29th would affect rights then vested, it wold follow that the Legislature did not intend such a construction to be given, and the amendment would be prospective in effect only.

It is a well settled rule in this and many other States that Legislative acts are not to be considered retrospective unless the intent to make them so clearly appears from their terms.

Holmberg vs. City of Oakland, 36 C. A. D. 746.

Vanderbilt vs. All persons, 163 Cal. 507.

Estate of Frees, 62 C. D. 405-8.

In the Holmberg case the Court said:     (quoting from 36 Cyc. 1205) "It is a rule of statutory construction that all statutes are to be construed as having only a prospective operation, unless the purpose and intent of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used.     In every case of doubt the doubt must be solved against the retrospective effect."

In that case the charter provision was to the effect that "Any officer or member of the police department sustaining an injury while in the performance of his

duty shall be entitled to receive    *    * such medical,. surgical and hospital treatment    *    · * as may be required during the continuance of his disability, the same to be provided by the city; and the Council shall allow such officer or member so injured full pay during the continuance of his disability, or until such time as he may be retired on a pension." And the Court construed that language to be in the future tense.

So we find in Section 1469: "If a deceased person leave · a widow    *    * and upon the return of the inventory of the estate of such deceased person it shall appear to the Court or a judge thereof by the verified petition    *    *    " That clearly is in the future tense. Further portions of the section confirm this interpretation.

· The title to all property vests in the heirs, devisees and legatees immediately upon the death, and cannot be divested by legislative acts except for the "purposes of administration." What are the "purposes of administration?" This is answered in Justice Harrison's concurring opinion in the case of Smith v. Olmsted, 88 Cal. 582, 588, quoting from Section 1402 C. C. and italicizing as follows: "Upon the death of the husband, one-half of the community property *goes* to the surviving wife, and the other half    .    .    *goes to* his descendants,    .    . subject to his debts, the family allowance, and expenses of administration." The Court continues: "These are the purposes of administration referred to in Section 1384 of the Civil Code, and are also the objects for which the Court is authorized, under Section 1536 of· the Code of Civil Procedure, to direct a sale of the property of the decedent." And the Court holds that the rights of all parties vest at the death..

In Estate of Packer, 125 Cal. 396, it was held that "Upon the death of the ancestor, the heirs become at once vested with the full property in his real estate, subject only to liens or burdens then existing or created by statutes then in force; and the Legislature

has not constitutional power, by a subsequent enactment, to interfere with the vested rights of the heirs to dispose of their own property, by authorizing a sale of the realty to be made by an executor or administrator solely for the benefit of the heirs."

See also Estate of Bazzura, 161 Cal. 71, where it was held that the title vesting in the heirs before the law was enacted, could not be impaired or burdened by subsequent legislation imposing burdens not before existing; and this, because of constitutional limitations to legislative power over vested rights.

See, also, Gutter v. Dallamore, 144 Cal. 665.
The case af Sheehy v. Myers, 93 Cal. 289, has been cited by counsel for petitioner, and seems to be the only case holding contrary to the general line of the foregoing cases.    But it can be distingushed.    In that case the constitutionality of the retrospective Act of the Legislature was not considered.    The Court held that there was an expressed intent of the Legislature in amending the law of 1879, in 1880, and again in 1882 restoring it as it originally was, that it should always be the law.    However, it must be considered that the Supreme Court only recited these facts in order to arrive at the gist of the decision, to-wit, that no specific performance would be decreed compelling the purchaser to pay $10,000 for a piece of property upon which there was a cloud in the title by reason of the change in the law on the sale of minors' interests in probate proceedings.    The concurring opinion of Mr. Justice Harrison on page 297 seems to bear out this view; and on page 299 he says:    "It is a settled rule of this Court that under a contract for the sale of land which provides for perfect title, a title must be free from reasonable doubt and fairly deducible of record."

It has been contended that the time of the return of the inventory determines the right to the setting aside of the property.    This cannot be true, because all property rights vest at the time of the death, as

herefore shown. What the statute clearly means is, that the inventory must be returned before a petition can be filed.

It has also been contended that, to illustrate, If A died fifteen years before the change in the law and his administrator was thereupon appointed, if the inventory were not returned until after the change in the law, say fifteen years after the death of A, the return time of the inventory would fix the right and status of the petitioner. This could not be true, because it would be placing a premium on negligence, and the law requires that the inventory shall be returned within three months from the appointment of the administrator (Sec. 1443 C. C. P.) or if the administrator neglects to make such a return within three months, the Court or Judge may extend the time not exceeding two months (Section 1450 C. C. P.).

The Court greatly regrets that it is unable to grant the petition herein, as the interests of the widow and minor child are paramount to any other. But under the law as this Court finds it, the petition must be denied.

It is so ordered.

E. C. Robinson, Judge.

Dated, February 15, 1922.