## RACHEL BONDS v. L. M. HICKMAN.

Patent for Land.—A patent for land, issued by the United States to "James Smith, administrator of Robert Smith, deceased," vests the legal title to the land in James Smith, and said James Smith's conveyance of the same transfers the legal title to his grantee, though it does not state that it is made as administrator.

Appeal from the District Court, Thirteenth Judicial District, Stanislaus County.

The deed from James Smith to the plaintiff was in the usual form of deeds of bargain and sale, and contained no recitation or declaration that Smith held the title or conveyed it as administrator or trustee.    Defendant objected to its reception in evidence because the plaintiff had shown no order or authority from the Probate Court to sell the land or execute any conveyance therefor, and because she had shown no settlement of the estate of Robert Smith, deceased.    Plaintiff appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

The grantee in the patent is James Smith.    The words "administrator of the estate of Robert Smith, deceased," are not words of qualification or limitation of the estate, but

merely words that help to identify and to designate the person. (*Taft* v. *Brewster*, 9 John. 332 ; and *Hills* v. *Bannister*, 8 Cowen, 33.)

*H. P. Barber*, for Respondent.

Counsel for appellant contends that the words " administrator of the estate of Robert Smith, deceased," are mere *descriptio personæ.* If that be so the patent itself was inadmissible. I construe the patent as vesting the title in James Smith, as administrator of Robert Smith, and for the benefit of the heirs of Robert Smith.   Plaintiff should have shown an order from the Probate Court for the sale of the property.

By the Court, Currey, C. J. :

The defendant obtained a patent from this State in May, 1862, purporting to grant him the parcel of land concerning which this action was instituted.   In November of the same year one James Smith, the plaintiff's grantor, obtained a patent for the same land from the Government of the United States.   The patent so issued is claimed to be founded on a pre-emption claim of one Robert Smith, which had its inception long before the defendant instituted proceedings to obtain title to the same land under the laws of this State.   The plaintiff claims that the patent was issued to James Smith as the successor by inheritance, or as the personal or legal representative of Robert Smith, who died several years before the patent from the Government of the United States was issued.   From the plaintiff's complaint, it appears that after defendant obtained his patent he commenced an action against the plaintiff to recover possession of the land in question and recovered judgment therefor, and that a motion for a new trial was pending and undetermined therein when this action was commenced. The object of this action was to obtain a decree annulling and vacating the patent issued to Hickman, the defendant, and to enjoin said Hickman from further proceeding with his action

against Mrs. Bonds; and for such further and other relief as might be just and equitable.

The pleadings in the case are extremely loose and unsatisfactory; but no objection has been made to them by counsel for either party, and if objection on this account were now made for the first time we should not feel disposed to criticise the pleadings severely, inasmuch as this case has been in this Court before, on which occasion the pleadings passed without challenge either by counsel or Court. ·

On the trial, the plaintiff, to maintain the issue on his part, introduced in evidence the patent issued to James Smith, which was admitted; and then offered in evidence a deed of bargain and sale of the land in controversy from said James Smith to the plaintiff, duly executed and acknowledged. The defendant objected to admitting this deed in evidence, and the Court sustained the objection, to which decision the plaintiff excepted, and then rested. Thereupon the defendant moved the Court to dismiss the complaint, on the ground that the plaintiff had not introduced any evidence in support of her action. This motion was granted, and judgment final was thereupon entered for the defendant.

In this case, to be found in 29 Cal. 461, we held the patent issued to James Smith competent evidence, and it follows as a matter of course that if that patent was proper evidence of the transmission of the title from the Government to the patentee, the deed from him to the plaintiff was competent · evidence to show that the plaintiff had acquired the title granted by the patent to James Smith.

The defendant objects that it does not appear that the deed from James Smith to the plaintiff was made by him as the administrator of Robert Smith, deceased. The patent was to "James Smith, administrator of Robert Smith, deceased." The title, which passed by reason of the patent and the proceedings on which it was founded, vested in James Smith, the patentee named. Whether he held it in trust for others we are not informed by the case before us, and we are not aware that it could in any event be a proper subject of inquiry in

this action.   We are of the opinion the Court erred in exclud-
ing the deed from James Smith to the plaintiff, and for that
reason the judgment should be reversed and a new trial
granted.

Judgment reversed and new trial ordered.