[No. 6068.]

## JOHN HANCOCK v. CLAUDIO LOPEZ ET AL.

JUDGMENT AS EVIDENCE IN EJECTMENT.—In an action for the partition of a rancho, certain of the defendants alleged in their answer that they were the owners in fee of the whole rancho, and the Court having found that allegation to be true, rendered judgment accordingly in favor of those defendants. In an action of ejectment for a parcel of the lands of the rancho, brought by one of the defendants in the partition suit, and against persons who were parties to that action, or claimed title under them, the judgment in that action is admissible in evidence to prove title in the plaintiff in the action of ejectment, and is conclusive upon that issue in respect to the title held or claimed by the parties to that action at the time of its commencement.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover possession of a portion of Rancho La Brea, County of Los Angeles. The facts are stated in the opinion. Plaintiff had judgment, and defendants appealed.

*H. Allen* and *Barclay & Wilson*, for Appellants.

It is doubtful whether even a final judgment of partition has ever been recognized as the source of title for either plaintiff or defendant in an action for the trial of title, although it may be evidence to prove a right of possession in severalty. But in this instance there was no partition made, and of course there was no judicial severance of the possessions of the several parties. The prayer for partition was denied. This certainly has not the form or character or legal effect of a final judgment of partition. (See Code of Civil Procedure, sec. 766.)

In passing upon the question whether this judgment roll may be evidence in bar of the defense in this action, we are to consider what point was directly in issue in that suit for partition. It will be noticed that the plaintiffs in their complaint allege as their cause of action " that the plaintiffs are in possession and seized in fee as of common with the defendants "; and that the defendants " deny the allegations of plaintiffs that plaintiffs are in possession and seized in fee as of common with the defendants, as in their complaint stated." This was equivalent to the plea of the general issue. *Non tenent in simul.*

It is urged on the part of this plaintiff that, by argumentative statements contained in the answer of the defendants in that suit for partition of the land, the controversy about the title of the respective parties was presented to the Court for trial ; and that the Court was authorized and required to try, and did try and decide and find, " that defendants, John Hancock, Henry Hancock, Cornelius Cole, John Schumaker, and John Jordan are the owners of the whole of said Rancho La Brea." It is also claimed on the part of the plaintiff that this finding was technically the judgment of the Court, because it professes to be a

conclusion of law, and because its repetition, in another part of the record, is prefaced with the imperative language, "it is ordered, adjudged, and decreed," etc. An effectual judicial decree or order may always be enforced or made available by process of the Court in the same proceeding. If that finding was really the judgment, then it is a dead-letter judgment, for the law gives the Court no process to enforce it, and it requires the efficacy of this kind of action to make it available. We are not easily satisfied that the action of ejectment has come to subserve the purpose of final process to that sort of proceeding.

The relief prayed for on the part of the plaintiffs in that suit was: "That the Court order and decree a partition of the tract of land herein first described, according to the respective rights of the parties"; * * and "that the costs be apportioned among the parties according to their respective interests."

A judgment is the sentence of the law pronounced by the Court that the plaintiff do, or do not, have the relief demanded. The judgment in that suit was: "That the prayer for partition of said rancho be denied." "A judgment concludes the parties only as to the facts necessary to uphold it; and though a decree in express terms professes to affirm a particular fact, yet if such fact was not material in the case, the decree will not conclude the parties in relation to it." (No. 587, Cowen & Hill's Notes; *Hotchkiss* v. *Nichols*, 3 Day's Rep. 138; *Coit* v. *Tracy*, 8 Conn. 268.)

The only fact necessary to uphold the judgment, "that the prayer for partition be denied," was, that the plaintiff's allegation of cotenancy was not true. That other finding was not responsive to the issue, and was not necessary to uphold the judgment. And where the Court went beyond what was necessary, and professed to affirm who were the owners of the rancho, that extra finding of the Court will not conclude the parties in relation to it.

It is argued on the part of this plaintiff that the first clause of sec. 759 of the Code declares that the rights of the several parties in a suit for partition of land may be determined by the Court; and that by implication all questions of title may also be litigated and determined in that kind of proceeding.

In construing the statute, the intention of the Legislature is to be pursued; and in order to ascertain the intention of the Legislature, we are to notice the subject matter of the legislation—that is, the object which the legislation was intended to reach; and the proceeding of the Court under the statute is confined to that object. Now, the object of this legislation, with respect to the compulsory partition of a tract of land, is prescribed in sec. 752 of the Code of Civil Procedure, that "When several cotenants hold and are in possession of real property, as parceners, joint tenants, or tenants in common, * * * an action may be brought by one or more of such persons for a partition thereof."

It is for this purpose of partition, and no other, that the respective rights of the several parties may be determined by the Court—their rights as cotenants, holding in privity, under the same title. These rights mentioned in the statute have reference to the quantity of the respective shares to be allotted to the several cotenants. The Court will observe the connection in which the word "rights" is used in the several sections of the statute. In sec. 752: "An action may be brought for partition according to the respective rights of the persons interested." Again, sec. 760 declares that the Court "may ascertain and determine the shares or interests respectively held by the original cotenants, and thereupon cause partition to be made as if they were the sole parties in interest and the only parties to the action." Again, in sec. 763: "Upon the requisite proofs being made [the Court] must order a partition according to the respective rights of the parties as ascertained by the Court." Again, sec. 764 directs that "in making partition, the referees must divide the property and allot the several portions thereof to the respective parties * * according to the respective rights of the parties as determined by the Court." The second clause of sec. 759 directs that "when a sale of the premises is necessary, the title—that is, the common title of all the cotenants collectively—must be ascertained by proof before the judgment of sale can be made."

All these several and separate clauses, when taken together, show the true interpretation of the word "rights," and that the

rights of the several parties to be determined as declared in the first clause of sec. 759 have reference to the quantity of their respective shares in the property to be divided among them. And there is no section or clause that expressly directs or declares that an action brought for compulsory partition of a tract of land among the cotenants may be turned to the purpose of trying a contest of adverse titles; and if we construe the whole statute with reference to the subject-matter of the legislation, we cannot reasonably infer that the language of the statute, or of any clause of it, implies that the action may be turned to such purpose.

There was only one cause of action presented to the Court, and that was the alleged tenancy in common. The unpleasant or undesirable condition of cotenancy was the only grievance complained of, and the desired relief was a division of the land among the several cotenants; and when the Court gave judgment that this desired relief be denied, the suit was ended. A simple adverse holding of the land by the several parties, as alleged by the defendants in their answer, was not a cause of action either at law or in equity. At law, the pleading must allege a trespass or an ouster; in equity, the pleading must show imminent danger of waste, or some danger of disturbance from an outside claimant. There must be presented, in the right way, some of the causes that move the action of a Court. If a Judge assumes to act without some cause of action being so presented, his action is then extra-judicial and a mere nullity.

The defendants in that suit for partition did not in their answer anywhere or in any manner present any one of the causes of action ever known to the law or equity jurisdiction of a Court; and it is therefore here maintained that the action of the Judge in finding and ordering that Hancock & Co. were the owners of the whole ranch was extra-judicial, and not effectual for any purpose.

" In considering the effect of a former judgment, it is to be observed that the judgment can be final only for its own proper purpose and object, with reference to the subject-matter of the suit." " The cause of action must be the same in both actions." (1 Phillips' Ev. 334, No. 594; Cowen & Hill's Notes; 2 Saunders on Pl. & Ev. 613.)

The purpose and object of that partition suit are made obvious by the plaintiff's appropriate prayer for severance of the possession; and the subject-matter, or "cause of action," was the alleged tenancy in common; and the judgment therein rendered is not final and conclusive as to the question of title in this action, because the purpose and object of that suit did not call for the adjudication of adverse titles.

Again, the judgment is not evidence to prove or disprove something on which the judgment is supposed to be founded. (2 Starkie Ev. 183–4; *Stephens* v. *Jack*, 3 Yerger, 403.)

If we may suppose that the conflict of title came incidentally in question in that suit, still the judgment therein rendered does not prove or disprove that one or the other of the conflicting parties has the paramount title.

Again, it is declared as a settled rule in the *Duchess of Kingston's Case*, that "neither the judgment of a Court of concurrent or exclusive jurisdiction is evidence of any matter that came collaterally in question, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument." (1 Phillips' Ev. 321; 20 Howell St. Trials, 538; B. & C. 887.)

All those matters which were affirmatively stated in the defendants' answer are matters that were at most only incidentally cognizable by the Court in arriving at the judgment "that the prayer for partition of said rancho be denied." And that judgment is not evidence to prove the truth of those incidentally cognizable statements with respect to this question of title. Those matters, if proved by indirect evidence, were themselves only evidence by way of rebuttal on the negative side of the general issue. They were only collateral matters which, if established by indirect evidence, may have served as a basis of collateral facts from which the Court may have inferred that the plaintiff's allegation of cotenancy was not true. And the findings which appear in this judgment roll are in this predicament of collateral probative facts, which may have been established by indirect evidence, and from which the Court may have inferred that the plaintiff's allegation of a tenancy in common was not true, and that the plaintiffs had not, therefore, any cause of action. These collateral facts, which appear in the

record as findings, may have led the Court to that conclusion, " that Hancock & Co. are the owners of the whole of said rancho "; but, as before shown, that conclusion of the Court affirms what was not material to uphold the judgment; and that the parties are not, therefore, concluded in relation to it. We are not able to infer from the judgment denying the plaintiff's prayer for partition whether one party or the other has the better title. Adverseness of titles breaks the cotenancy. A conflict of titles appearing under the practice at common law or in equity, is sufficient to stop the partition of the land. (Allnatt on Partition, 65.)

The judgment " that the prayer for partition of said rancho be denied," is no more in legal effect than a dismissal or a nonsuit; and it is not even evidence to disprove the existence of a cotenancy. In a proceeding for partition at common law, upon the plea of the general issue being interposed, if it appeared that the several parties were not coparceners in interest, the whole proceeding was dismissed. (Allnatt on Partition, 65, 70.)

Our statute has not changed the common-law practice in this respect. The plea denying the plaintiff's allegation of tenancy in common presents a preliminary issue; and when it appears that the plaintiff's allegation of cotenancy is not true, the action will be dismissed. ( *Clapp* v. *Bromagham,* 9 Cowen, 573.)

Under that general issue the plaintiffs held the affirmative of the question; the defendants were not required to establish the negative; and it was incumbent on the plaintiffs to establish affirmatively their allegation of cotenancy; and if the plaintiffs failed in their proofs to establish this allegation, then by analogy to the practice in a common-law action, a nonsuit followed. Or, if the plaintiffs made out a *prima facie* case, and then, on the other hand, the defendants effectually rebutted the plaintiffs' proofs, the result would be the same, the proceeding was ended. And the decision " That the prayer for partition be denied," is, in legal effect, a judgment of dismissal.

Before the Statute of Henry VIII gave joint tenants and tenants in common the benefit of the writ of partition, the Court of Chancery exercised jurisdiction in partition of land among the several cotenants, on the ground that the grievances

of those species of cotenancy were without remedy at law. The practice was similar to that in the Common-Law Courts, A defense equivalent to the general issue might be pleaded, and if it appeared by the proofs that the parties were not holding the land together as cotenants, the bill would be dismissed as being without equity. (Allnatt on Partition, 40.)

It has many times been held in cases at law, that where a bill has been so dismissed for want of equity, the order of dismissal does not conclude the parties with respect to their several titles or the condition of their several interests.

"When a party seeks in a Court of Equity to establish a strictly legal title when his remedy is at law, the dismissal of the bill amounts merely to a declaration that he has no equity; it casts no reflection upon his title; it decides nothing in relation to it, and consequently concludes nothing." (No. 587, Cowen & Hill's Notes.)

*Henry Hancock*, for Respondent.

Respondent respectfully suggests that appellants' arguments are fully met by the following authorities, to wit: *Flandreau* v. *Downey*, 23 Cal. 354; *Clink* v. *Thurston*, 47 Cal. 29; *Senter* v. *Bernal*, 38 Cal. 637; *Gates* v. *Salmon*, 46 Cal. 362; *Carpentier* v. *City of Oakland*, 30 Cal. 439; *Gates* v. *Salmon*, 35 Cal. 576; *Bollo* v. *Navarro*, 33 Ibid. 467; *Deuprey* v. *Deuprey*, 27 Ibid. 336; *Morenhout* v. *Higuera*, 32 Ibid. 289.

The language of the Code of Civil Procedure, sec. 759, (271 Old Practice Act) under the chapter on partition, is as follows, to wit: "The rights of the several parties, plaintiff as well as defendant, may be put in issue, tried, and determined in such action."

By the COURT:

This is an action of ejectment for the recovery of the possession of a portion of the Rancho La Brea. The Court admitted in evidence the judgment roll in an action for the partition of that rancho, brought by Antonio J. Rocha and others against Henry Hancock and others. The plaintiffs in that action alleged

that they were tenants in common, with certain of the defend-
ants, in the rancho; and Henry Hancock and certain other
of the defendants alleged in their answer that they were the
owners in fee of the whole of said rancho; and the cause having
been heard, the Court found that John Hancock and certain
other defendants named in the findings were the owners of the
whole of said rancho, and adjudged and decreed that the last
named persons were the owners in fee of the whole rancho, and
that they recover from the plaintiffs their costs, etc. The admis-
sion in evidence of that record presents the principal question
in the case.

It is contended by the defendant that, upon its being found
that certain of the defendants in that action held the title in fee
to the whole rancho, it was the duty of the Court to dismiss the
action; that the proof of such title in the defendants showed
that the plaintiffs were not tenants in common or joint tenants in
the lands, and that the only step the Court could then take was
to dismiss the action; that the judgment which was in fact ren-
dered is, in view of the findings, to be read as amounting only
to a judgment of dismissal, and that such judgment of dismissal
cannot be relied upon by the defendants in that action as an
adjudication of title in them.

The only subd. of sec. 581 of the Code of Civil Procedure,
which provides for the dismissal of actions, which was applica-
ble in that case, is the fifth; which is, that an action may be dis-
missed, or a judgment of nonsuit rendered, "by the Court, upon
motion of the defendant, when, upon the trial, the plaintiff fails
to prove a sufficient case for the jury"; and the following sec-
tion provides that in every case, other than those mentioned in
the last section, judgment must be rendered on the merits. It
does not appear that the plaintiffs failed to prove a sufficient case
for the jury, nor does it appear that the defendants moved for a
judgment of nonsuit, and therefore it cannot be treated as such
a judgment in a technical sense.

But is a judgment for the defendants in partition upon such
findings to be regarded in legal effect as only the equivalent of
a judgment of nonsuit? The parties to the action, as was said
in *Senter* v. *Bernal*, 38 Cal. 637, and many other cases in this

Court, are all actors or plaintiffs, each against each and all others. It is provided by sec. 756, Code of Civil Procedure, that the summons must be directed to all the joint tenants and tenants in common, and all persons having any interest in the property or any particular portion thereof; and sec. 758 provides that the defendants must set forth in their answers, "fully and particularly, the origin, nature, and extent of their respective interests in the property." In construing these provisions, it was held by this Court that "any question affecting the right of the plaintiff to a partition, or the rights of each and all the parties *in the land*, may be put in issue, tried, and determined in such action"; that if "disputes exist as to their rights or interests in any respect, such disputes may be litigated and determined in such action." (See *Deuprey* v. *Deuprey*, 27 Cal. 335; *Morenhout* v. *Higuera*, 32 Cal. 204; *Gates* v. *Salmon*, 35 Cal. 576.)

The purpose and scope of the action is defined by the Code, and when the question is what issue may be presented, litigated, and determined in the action, the Code must furnish the answer. The Code, (which is substantially the same as the previous statute) having declared that any right, title, or interest in the land may be put in issue, tried, and determined in the action, it necessarily follows that the determination of such issue is final and conclusive upon all the parties to the action. Had the Code provided that an issue in respect to the titles of the respective parties, or of any of them, should be tried and determined in another action, there would be much force in the propositions advanced by the defendants; but as the provision is that such issue may be tried and determined in the action of partition, there is no reason why the determination should not be as conclusive as it would be if made in an action brought for the sole purpose of its determination. Had the determination in the action in question been that one of the plaintiffs, and certain of the defendants, were the owners of the rancho as tenants in common, there would be no room to doubt that it would be conclusive as against the other parties to the action, (both plaintiffs and defendants) to the effect that they had no right, title, or interest in the land. In our opinion, there is as

little room for doubt that the judgment which was rendered—
that certain of the defendants were the owners of the entire
title—has the same effect as against all the other parties to the
action. The judgment was admissible in evidence, in favor of
the prevailing parties in that action, and was proof of title in
them as against the other parties and those claiming under
them.

Judgment and order affirmed.