[S. F. No. 5837.   Department One.—October 4, 1911.]

In the Matter of the Estate of FRANCESCO BAZZURO, Deceased. ANNA ROSE MARY BAZZURO, Appellant, v. LUIGI CROCE, Respondent.

ESTATE OF DECEASED PERSON—SALE OF LAND—BEST INTEREST OF HEIRS —DEATH PRIOR TO AMENDMENT OF SECTIONS 1536 AND 1545 OF CODE OF CIVIL PROCEDURE.—The amendment of 1893 to sections 1536 and 1545 of the Code of Civil Procedure (Stats. 1893, p. 212), authorizing a sale of the real property forming part of the estate of a decedent when it is for the best interests of the heirs that a sale should be had, was prospective only in its effect, and did not authorize a sale for this cause of real estate, or interests therein, held by the decedent at his death, where such death occurred prior to the enactment of the amendment.

ID.—BASIS OF RULE PROHIBITING SALE—CONSTITUTIONAL LIMITATIONS.—
The basis and reason of this rule is that the title had vested in the
heirs before the law was enacted, and that, because of constitutional
limitations to legislative power over vested rights, such title could
not be impaired or burdened by subsequent legislation imposing
burdens not before existing.

ID.—TITLE TO LAND ACQUIRED AFTER DEATH OF DECEASED THROUGH
FORECLOSURE—MORTGAGE INDEBTEDNESS CONSIDERATION FOR FORE-
CLOSURE SALE.—This rule is inapplicable as to real property, the title
to which was acquired by the administrator of the estate, subsequent
to the death of the deceased, under a foreclosure of a mortgage be-
longing to the deceased at the time of his death. The title to the
interest of the heirs in the mortgage indebtedness, which was the
consideration for the deed to the administrator, vested in them as
personal property, at the death of the decedent, and was then sub-
ject to sale as such, under section 1523 of the Code of Civil Pro-
cedure, if such sale was for the best interest of the estate, whether
necessary to pay debts or not.

ID.—CONVERSION OF MORTGAGE INDEBTEDNESS INTO LAND—LIABILITY TO
SALE.—The foreclosure proceedings had by the administrator subse-
quent to the death of the deceased, whereby the mortgage indebted-
ness was converted into real estate and title vested in him, did not
relieve it of the burden of being sold, as provided in section 1523
of the Code of Civil Procedure, and the amendment of 1893, impos-
ing the same burden upon the land did not impair any vested rights
that the heirs had therein.

ID.—JUDGMENT DENYING ADMINISTRATOR POSSESSION OF LAND—POSSES-
SION UNNECESSARY TO PAY EXPENSES.—A judgment against the
administrator, in an action brought by him against the heirs to
obtain possession of the land, rendered in accordance with the pro-
visions of section 1452 of the Code of Civil Procedure, upon findings
that possession by him was unnecessary to pay debts, expenses, or
legacies, or for distribution, did not divest the administrator or the
court of the power to sell the land, if such sale was for the best
interest of the heirs.

ID.—POSSESSION NOT ESSENTIAL TO SALE BY ADMINISTRATOR.—Section
1452 of the Code of Civil Procedure does not make possession of
land by the administrator a necessary prerequisite to a sale by him.

ID.—ORDER FOR SALE APPEALABLE—MATTERS JUSTICIABLE THEREON CAN-
NOT BE HEARD ON RETURN OF SALE.—An order directing the sale of
land by an administrator is appealable, and after such order becomes
final, matters that were properly justiciable upon the hearing therefor
cannot be again reopened and litigated upon the hearing of the
return of sale.

ID.—SALE FOR GROSSLY INADEQUATE PRICE—DEFECTIVE TITLE—ABUSE
OF DISCRETION IN CONFIRMING SALE—ACTION TO REMOVE DEFECTS.—
It was an abuse of discretion for the court to confirm a sale of real

property belonging to the estate of a deceased person, for a price less than one sixth of its real value, because of supposed defects in its title, where it appears probable that such defects could have been removed by a suit brought for that purpose. The court should have directed suit to that end, and, in the mean time, refused confirmation.

ID.—SUCCESSOR OF HEIR PARTY IN INTEREST—OBJECTION TO CONFIRMATION—ASSERTION OF ADVERSE TITLE—ESTOPPEL.—The successor of the sole heir of the deceased is a party interested in such sale, and entitled to resist the confirmation thereof and appeal from the order of confirmation, and the fact that she was in good faith asserting an adverse title to the land, which was the cause of the low bid, does not estop her from objecting to the confirmation.

APPEAL from an order of the Superior Court of the City and County of San Francisco confirming a sale of land made by the administrator of the estate of a deceased person. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

D. Freidenrich, for Appellant.

J. J. Mazza, and W. E. White, for Respondent.

SHAW, J.—This is an appeal from an order confirming a sale of real estate made by the administrator of the estate of the decedent in pursuance of a previous order of sale.

The appellant is a niece of the decedent and is entitled to a share of his estate. She opposed the confirmation on the ground that the real estate, a lot in San Francisco, was not subject to sale by the administrator, and that the price for which it was sold was grossly inadequate.

One ground on which the sale was asked and ordered was that it was for the best interests of the heirs of the decedent that such sale should be made because of the fact that some of them lived in Italy and others in San Francisco. The fact that it was for the advantage and best interests of the heirs that a sale of real property should be had was made a ground of sale in 1893, by an amendment of sections 1536 and 1545 of the Code of Civil Procedure (Stats. 1893, p. 212). Francesco Bazzuro died intestate in 1879. In 1893 the title to the real and personal property of which he died seised had already vested in his heirs. At the time it so vested the probate court

had no power in administration proceedings to order a sale of real property owned by the deceased at his death for this cause. The amendment of 1893 was prospective only, in effect, and it has been held that it does not authorize a sale for this cause of real estate, or interests therein, held by the decedent at his death, where such death occurred prior to the enactment of the amendment. (*Estate of Freud*, 131 Cal. 667, [82 Am. St. Rep. 407, 63 Pac. 1080]; *Estate of Packer*, 125 Cal. 396, [73 Am. St. Rep. 58, 58 Pac. 59]; *Brenham* v. *Story*, 39 Cal. 179.) It is argued from these decisions that the sale, so far as it was based on this ground, was a nullity. The basis and reason for these decisions was that the title had vested in the heirs before the law was enacted and that, because of constitutional limitations to legislative power over vested rights, such title could not be impaired or burdened by subsequent legislation imposing burdens not before existing. At the time of his death, Bazzuro had no interest in this lot. He held a note and mortgage thereon, executed by one Castagnini. This mortgage was foreclosed by the first adminstrator of his estate, his brother Giuseppe, since dead, who bought the lot at the foreclosure sale and obtained thereon a deed therefor conveying it to him as such administrator. The record title still remains in that condition. Hence, the title to the lot did not vest in the heirs at the death of the decedent, nor at all. It vested in Giuseppe, the administrator. (*Christy* v. *Fisher*, 58 Cal. 256; *Bonds* v. *Hickman*, 32 Cal. 202.) Such interest as the heirs have in it vested in them at the time the deed to Giuseppe was made and it is in the nature of a trust for their benefit growing out of the fact that the personal property of the estate was used in payment for it. (Civ. Code, sec. 853.) The title to this interest originally vested in them at the death of the decedent as personal property. It was then subject to sale as personal assets, under section 1523 of the Code of Civil Procedure, if such sale was for the best interests of the estate, whether necessary to pay debts or not. The subsequent proceedings of the administrator whereby it was converted into real estate and the title vested in him did not relieve it of this burden and the amendment of 1893 imposing the same burden did not impair such interest as the heirs have in the lot. So far as that kind of property is concerned the amendment did not impair vested rights.

Upon the hearing of the return of sale, it was shown that in 1907, the present administrator brought suit against the appellant and her mother, Mary Bazzuro, to recover possession of this lot on the ground that the possession of the lot by the administrator and the sale thereof were necessary to pay the expenses of administration. The court found that the debts had all been paid by the former administrator and that possession of the lot by the adminstrator was not necessary for the payment of the expenses of administration, or for distribution. Upon that finding it concluded and adjudged that said plaintiff should not recover possession and that he take nothing by the suit. It is claimed that this failure to obtain possession divests the administrator and the court of the power to sell. This claim is based on section 1452, of the Code of Civil Procedure, providing that after the expiration of the time for presentation of claims, the administrator cannot recover possession of the heir, unless he proves that such property or possession is necessary to pay debts, expenses, or legacies, or for distribution. There are several answers to this claim: 1. The judgment does not declare that a sale is unnecessary, but only that possession by the administrator is unnecessary, for the payment of debts and expenses; 2. There is nothing in section 1452, properly construed, that makes such possession a necessary prerequisite to an administrator's sale. It does not purport to limit or affect the power of the court to order a sale; 3. These questions, granting the contention, were properly justiciable upon the hearing and making of the order of sale and they were then, in effect, adjudicated. That order was appealable. No appeal therefrom having been taken, it has become final. The questions cannot be reopened and again litigated upon the hearing of the return of sale.

The present administrator has received personal assets of the estate of the value of $262.50, and there are no other assets except this lot. The expense of administration is estimated at $732.50. The lot is worth two thousand dollars. It was sold at the administrator's sale for three hundred dollars. The return of sale states that in view of the fact that the administrator could not execute a deed conveying perfect title to the lot, this sum was not disproportionate to its value. All these facts were established or admitted upon the hearing of the objections to the confirmation of the sale.

The appellant claims that, under these circumstances, it was the imperative duty of the court to refuse confirmation and direct a postponement of the sale until the title of the estate to the lot should be perfected or defeated in a suit for that purpose. Upon general principles, the court, in confirming the sale of property should exercise a sound discretion with a view to the best interests of those who are or may become interested in the proceeds. "According to the principles of a court of chancery, a trust or power to sell real estate should not be exercised while there is a cloud over the title affecting its value, or the land is held adversely." (*Estate of Ricaud,* 57 Cal. 421; 2 Perry on Trusts, 5th ed., sec. 602ee.) It being a matter of discretion, the action of the trial court must stand on appeal, unless an abuse of that discretion appears. We think such abuse does appear from the facts shown in this case. The property sold for less than one sixth of its real value, because of defects in the title, which so far as appears could have been removed by a suit for that purpose. If the title were not in doubt, the presumption is that it would sell for the actual value. There was a claim of adverse possession, it is true, but the nature of the claim and the trust relations of Giuseppe Bazzuro and his heirs who make the claim were such that doubt is cast upon it. Some effort at least should be made to establish the title before allowing the property to go at such a sacrifice. The court should have directed suit to that end and, in the mean time, refused confirmation.

The appellant is a successor of Rosa Bazzuro, mother and sole heir of Francesco Bazzuro. As such she is interested in having the lot sold for its full value, if it is sold at all, since in that event she will receive a share in the surplus over expenses of administration. If the present sale is completed, there will be no surplus and she will receive nothing. The fact that her claim of title is the cause of the low bid does not estop her from objecting to its confirmation. She is a minor. There is nothing indicating that her claim of title is made in bad faith, even if such bad faith can be imputed to her during minority. She has a legal right to assert that claim. If it is successful, she will secure her interest in the lot. If it is unfounded, she will then have her share of the proceeds of a sale at full value after the title is adjudicated. Justice to all parties claiming interests requires that the title and the right

of the administrator to sell be determined before a sale is made. In that event, if the administrator succeeds, the other heirs may obtain something, whereas, if the present sale were confirmed, their rights would be sacrificed in order to allow the buyer to speculate on his chances of obtaining possession and title by a subsequent action.

The order is reversed.

Angellotti, J., and Sloss, J., concurred.