[S. F. No. 6823. Department Two.—June 7, 1915.]

In the Matter of the Estate of ERNEST W. COWELL, Deceased, ALICE M. COWELL, Petitioner and Respondent, ALEXANDER F. MORRISON, et al., Executors, etc., Respondents; S. H. COWELL et al., Appellants.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE TO WIDOW AFTER RETURN OF INVENTORY—DISCRETION.—In view of the wide discretion given to the trial judge in the matter of a family allowance, it is held that there was no abuse of discretion in the present case in allowing the widow, after the return of the inventory, the sum of one thousand dollars a month, the estate being shown to have a value of almost a million dollars. *Estate of Cowell,* 164 Cal. 637, followed and approved.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a family allowance to the widow of a deceased person. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellants.

J. F. Shuman, for Petitioner and Respondent.

W. I. Brobeck, and P. F. Dunne, for Executors, Respondents.

LORIGAN, J.—This is an appeal from an order granting a family allowance of one thousand dollars a month to the respondent, Alice M. Cowell, widow of the deceased, made by the court after the return of an inventory showing the estate to be valued at $972,992.44.

The only point made on this appeal is that the allowance was excessive and hence, there was an abuse of discretion on the part of the superior court in making it.

This is the second appeal taken by appellants from an order for a family allowance in favor of the widow of the deceased. Before the return of the inventory in the estate the superior court made an order granting a family allowance to the widow of one thousand five hundred dollars a month, from the date of the death of the testator until an inventory in the estate should be returned. An appeal from that order was taken to this court, one of the grounds urged for a reversal being that the allowance was excessive. (*Estate of Cowell*, 164 Cal. 637, [130 Pac. 209].) We held on that appeal, and as to that matter, that the fixing of an allowance reasonably necessary for the support of the widow out of the estate of her deceased husband was a matter largely left to the discretion of the judge in probate, and that, in view of the circumstances and condition of this estate and the reasonable wants and necessities of the widow as disclosed by the evidence presented in support of the order, this court could not say that any abuse of discretion on the part of the trial court was shown in making the allowance it did and therefore affirmed the order.

The present order for one thousand dollars a month made after the return of the inventory, and to be paid pending the settlement of the estate, is for five hundred dollars less than the previous order. There is practically no difference between the evidence offered and contained in the record on appeal in the present case than was presented in the former one, and as, in view of the evidence presented on the former appeal, we could not say that within the wide discretion given to the trial judge in the matter of a family allowance there had been any abuse of it in allowing the widow one thousand five hundred dollars a month, so we cannot say that this discretion was abused in making the allowance of one thousand dollars a month questioned on this appeal.

The order appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.