[Civ. No. 1948. Fourth Appellate District.—February 20, 1936.]

In the Matter of the Estate of THADDEUS WHITE, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Guardian, etc., Appellant, v. FLETCHER WHITE, as Executor, etc., Respondent.

Edward E. Craig for Appellant.

M. C. Atchison for Respondent.

JENNINGS, J.—This appeal from an order of the Superior Court sitting in probate confirming the sale of certain real property of the estate of Thaddeus White is presented through the medium of a bill of exceptions. From the transcript on appeal it appears that Thaddeus White made his will on July 22, 1922, in which it was recited that the testator owned 87 acres of land in Imperial County which he directed should be sold after his death and that from the proceeds derived from such sale the executor named in the will should pay two designated grandchildren of the testator legacies amounting to $1,000 each. On January 27, 1927, Thaddeus White entered into a contract with Pioneer Transfer Company, a corporation, whereby he agreed to sell the land mentioned in the will to the corporation for a certain sum of money. The contract provided that the sale price, whose amount does not appear, should be paid in installments.

From payments made under the terms of the contract White received approximately $3,600. In the year 1930, the purchaser was in default in the payments due under the contract. The contract was thereupon cancelled by mutual consent and on February 1, 1930, a new contract was executed by the same parties whereby the corporation agreed to pay the amount specified therein in monthly instalments over a period of time ending in July, 1938. The corporation again defaulted in payment of the amounts due under the second contract. On June 17, 1931, Thaddeus White died. Respondent Fletcher White, who is a son of the deceased, was appointed executor of the will. At the time of White's death the purchaser of the property had failed to make the monthly payments for an unspecified period of time and was in default in an amount which is not stated. The purchaser had also failed to pay various taxes and assessments levied against the property. The executor filed an action against the purchaser whereby he sought to recover the amount of the payments which were in default. The corporation had by this time sold and disposed of all other property which it owned in California and had moved its business into the Republic of Mexico where it continued its operations at some place in or near the city of Mexico. The suit thus prosecuted by the executor was productive of no tangible result. In the meantime the Imperial Irrigation District levied on the land for

unpaid assessments and it was sold to the district for the amount of such assessments. The assessor of said district executed and delivered his deed conveying title to said land to the district on October 18, 1932, which deed was duly recorded. Taxes due the state of California had also become delinquent and the land was sold to the state for such delinquent taxes which amounted to approximately $689.91 exclusive of taxes due for the year 1934–1935. On September 21, 1934, the state inheritance tax appraiser for Imperial County appraised the land as having a total gross value of $6,150, taking no account of unpaid assessments and taxes or of the status of the title to the property. On October 10, 1934, the date on which the respondent executor filed his petition for confirmation of sale of the property the unpaid assessments due the Imperial Irrigation District amounted to $3,300. The estate was without funds sufficient to redeem the property from the liens of the delinquent taxes and assessments. The property was accordingly sold by the executor to his brother Roy White, also a son and heir of the deceased, for the sum of $100. The Bank of America National Trust & Savings Association was appointed guardian of the minor grandchildren of the deceased, legatees under his will, on December 8, 1931. Said bank was duly notified of the filing of the executor's petition for confirmation of the sale of the property and filed written objections to confirmation of the sale alleging that the price for which the executor proposed to sell the property is grossly inadequate and that the total value of the estate of which the above mentioned property is the greater portion is at least $16,000. On the date appointed for the hearing of the petition for confirmation of the sale evidence consisting of the testimony of the executor was presented to the trial court. The court overruled the objections of the aforementioned guardian and made its order confirming the sale of the property.

On this appeal two reasons are urged for reversal of confirmation. These are, first, that the sale of the property to a brother of the executor is in violation of the relationship of trust and confidence which exists between the executor and the legatees named in the will and, second, that the sum of $100 bid for the property is grossly inadequate notwithstanding the evidence submitted to the court on the hearing of the petition for confirmation established that the land had been

sold by the testator to a corporation which had defaulted in payments that were due under the contract of sale and that sums whose total amounted to $3,989.91 for delinquent assessments and taxes assessed against the property were due and payable at the time the order of confirmation was made.

It is our opinion that the second of the above stated contentions must be sustained. The only evidence submitted to the court on the hearing of the petition for confirmation and appellant's objections thereto consisted, so far as appears from the record, of the testimony of the executor of the will of Thaddeus White, deceased. In addition to the facts hereinabove set forth, this witness testified that the estate of the deceased is bankrupt, that he was never let into possession of the property whose sale to his brother is sought to be confirmed, that the estate has no funds with which to redeem the property from the liens for delinquent taxes and assessments, that on September 21, 1934, the gross value of the property was appraised at the sum of $6,150 without taking account of the amounts due for delinquent taxes and assessments or of the condition of title to the property, that the property or the right, claim or equity of the estate in the property was sold at public auction on October 9, 1934, to Roy White for the sum of $100, that he believed the sale was for the best interest and benefit of the estate and was necessary to accomplish final settlement and closing of the estate. On cross-examination the witness admitted that confirmation of the sale would result in the payment of no part of the legacies left by the will to appellant's minor wards.

From the last mentioned facts in addition to those hereinabove stated, the following situation is therefore disclosed: Property which on September 21, 1934, had a value of $6,150 was subject to the liens of unpaid irrigation district assessments and delinquent state and county taxes in a total amount of approximately $4,100 and had been sold for such taxes and assessments and deeds executed to the purchasers at such sales. Prior to the testator's death he had entered into a contract to sell the property, the purchaser agreeing to pay the purchase price in monthly instalments extending over a period of eight years. The contract thus executed contained no acceleration provision. Prior to the testator's death the purchaser had defaulted in payment of a number of the monthly instalments. Taxes and assessments which presumably were

to have been paid by the purchaser were not paid and had become delinquent resulting in the above mentioned sales of the property. The purchaser abandoned the property, made no payments on the purchase price, left the state of California, and went to a foreign country. The executor instituted an action to recover from the purchaser the amount of unpaid instalments due under the contract. No recovery was had against the purchaser in this action by reason of the fact that it had removed all of its property and assets other than the land which it had agreed to purchase from the testator outside the jurisdiction of the court wherein the suit was pending. The estate is insolvent and has no funds wherewith to redeem the property from the liens of delinquent taxes and assessments. The executor proceeds to sell whatever right or interest the estate has in the property at public auction for the sum of $100 and the sale is confirmed.

The situation thus disclosed is apparently hopeless. The estate does not have title to the property and has no funds wherewith to redeem it from the tax liens. Nevertheless, it does not appear that any effort has been made by the executor to clear the title to the property as against the purchaser. It must be conceded that clearing the title as against the purchaser will not relieve an apparently insolvent estate from the payment of delinquent taxes and assessments. However, it would be a step in the direction of clearing the tangled condition of the title and would furnish tangible evidence of the executor's good faith in dealing with minor beneficiaries under the will. It may well be that, as respondent suggests, the result of setting aside the approval of the sale will be to confirm ownership of the property in the irrigation district. If this situation should develop the minor legatees will nevertheless be in no worse situation than they now are. If the order of confirmation is approved it is not open to doubt or dispute that neither of them will receive payment of any part of the legacy specified in the will.

Since it appears that the sale of the property was accomplished for a sum which is not greater than one-twentieth of its net value after deducting the full amount of unpaid irrigation district assessments and delinquent taxes, we are forced to the conclusion that the confirmation of the sale was an abuse of discretion on the part of the trial court. (*Estate of Bazzuro*, 161 Cal. 71, 76 [118 Pac. 434].) Arrival at this

conclusion renders it unnecessary to give consideration to appellant's contention that the sale of the property to a brother of the executor is in violation of the trust relationship which exists between the executor and appellant's minor wards who are beneficiaries of the testator under his will. It is likewise unnecessary to give consideration to appellant's application for the taking of further testimony by this court for the purpose of establishing matters which it is claimed appeared in evidence at the time the petition for confirmation was heard and which are not included in the bill of exceptions settled by the court due to the fact that no court reporter was present at the hearing. Appellant's application for the taking of further testimony is therefore denied.

For the reasons stated, the order of confirmation is reversed.

Barnard, P. J., and Marks, J., concurred.