[Civ. No. 14857. Second Dist., Div. Two. Apr. 17, 1945.]

Estate of SARA C. ISAMAN, Deceased. CLEM COLE, JR., et al., Respondents, v. CLARENCE H. EVANS, as Administrator With the Will Annexed, etc., Appellant.

Marcus, Rabwin & Nash for Appellant.

Jones & Wiener for Respondents.

MOORE, P. J.—The question for decision is whether the probate court abused its discretion in directing the adminis-

trator to convey property, the sale of which had already been confirmed, and in denying the motion of the administrator to vacate the order of confirmation, substantial evidence having shown that the delay was not due to the neglect or refusal of respondents.

On October 7, 1943, the court below made its order confirming the sale of a residential property belonging to decedent's estate for the sum of $5,550. At that time respondents held a lien in the sum of $2,474.05 upon the property, secured by a trust deed, and it was in default. An escrow was immediately opened in which respondents deposited $550 in cash and a statement acknowledging receipt of $2,474.05. Also, they promptly arranged with a bank for a loan of $2,500. Subsequently, they deposited in the escrow a valid, nonnegotiable order drawn upon the bank for the borrowed amount. The aggregate of the foregoing sums constitutes the total purchase price. The executrix, acting through her husband, William Akin, deposited her deed conveying the property to respondents. At the same time he filed also a rental statement in the escrow by which it was disclosed that he was occupant of the premises under an oral, one-year lease recently granted to him by the executrix.

Following the disclosure of the lease and respondents' resentment thereat negotiations resulted in a tentative agreement for delivery of possession by Mr. Akin prior to April 1, 1944. Directly after that agreement the executrix deceased. The administrator with will annexed, appellant herein, qualified on February 18, 1944. Straightway following his qualification demands were made upon him for the filing of a new deed. He refused at all times to make such deposit. Moreover, his attorneys consistently reiterated to respondents that a deed to the property would be obtained only by order of court. Appellant's motion to vacate the confirmation of sale came on for hearing concomitantly with the citation issued to appellant for the purpose of enforcing the execution and delivery of a deed. The motion was denied but appellant was ordered to deposit his deed in escrow conveying the property pursuant to the order of October 7, 1943.

Section 788, Probate Code, provides: "If, after the confirmation, the purchaser neglects or refuses to comply with the terms of the sale, the court, on motion of the executor or administrator, and after notice to the purchaser, may vacate

the order of confirmation. . . ." The quoted statute is merely directive and permissive. The vacation of an order of confirmation rests solely in the discretion of the court. The order made pursuant to the exercise of such discretion will not be disturbed unless it is made to appear that such discretion has been abused. (*Sharpe* v. *Sharpe,* 55 Cal.App.2d 262 [130 P.2d 462]; 2 Cal.Jur. 896; *Lent* v. *H. C. Morris Co.,* 25 Cal. App.2d 305 [77 P.2d 301]; *Estate of Cowell,* 170 Cal. 362 [149 P. 808]; *Estate of Bazzuro,* 161 Cal. 71 [118 P. 434].)

■ Appellant's argument proceeds upon the assumption that the evidence most favorable to him constitutes the record on appeal. This is false logic. The facts before this court are those determined by the court below, and they are attended by a presumption of their correctness. Successfully to attack the findings is possible only by showing that there was no substantial evidence received on behalf of the respondents. (*Bellman* v. *San Francisco H. S. Dist.,* 11 Cal.2d 576 [81 P.2d 894].) Certainly, in the absence of error, findings based upon conflicting evidence will not be disturbed.

■ The court was apparently convinced that the conduct of the executrix was not marked by the good faith to which purchasers at a judicial sale are entitled. Prior to receiving respondents' bid she had given her husband the oral lease, but in consummating the transaction she made no reference to that encumbrance prior to or at the time of the hearing on the report of sale. Neither did respondents learn of it until after they had deposited in escrow the funds required for the purchase. But wholly apart from any question of such bad faith the proof clearly warranted the finding that, after the delays caused by the death of the executrix and appellant's tardiness in qualifying, subsequent delays in closing the deal were caused only by the refusal of appellant to deposit a new deed in the escrow. Such finding emphatically exculpated respondents from any bad faith or reprehensible conduct. On the contrary it was determined that appellant was wholly responsible for the retarded consummation of the transaction. No sound argument for a reversal can be advanced by appellant on account of respondents' repeated postponement of the foreclosure sale of the property by his trustee under the deed of trust. Such behavior could have been by the court regarded only as a cooperative gesture in view of appellant's steadfast refusal to deliver a new deed.

The judgment is supported by *Estate of Backesto*, 63 Cal. App. 265 [218 P. 597], in which after a fair sale and its confirmation a dispute arose with reference to the payment of certain taxes charged against the realty. Upon a hearing the purchaser's petition to require the administrator to accept the balance of the amount bid and to convey the property clear of encumbrances was denied by the probate court. On the contrary it set aside the order of sale. On appeal the judgment was reversed on the principles that a sale by the court is not judicial unless it is made upon the express order of the court and that in executory contracts for the sale of land there is an implied covenant that vendor will transfer a valid, unencumbered title to the vendee. *Barnes* v. *Morrison*, 102 Cal.App. 152 [282 P. 986], cited by appellant, is not authority for his present contention. In that case the administrator had duly tendered to the purchaser a good and sufficient deed conveying the land free from encumbrance, after which tender the purchaser was never able to procure the money with which to pay the purchase price.

The judgment is affirmed.

McComb, J., concurred.