[No. 6,877.—Department One.]

## SANTA CRUZ BANK OF SAVINGS v. FRANK COOPER ET AL.

| 56 | 339 |
| 86 | 138 |

HOMESTEAD — EXTINCTION OF HOMESTEAD — CONSTRUCTION OF STATUTE. — Under § 5 of the amendatory Act of May 12th, 1862 (Stats. 1862, p. 519), an unmarried person was not entitled to select or to *hold* a homestead unless such person had the care and maintenance of his or her minor child, or of some other of the relatives mentioned in that section, then residing on the homestead property with such person. *Held*, accordingly, where a widower with minor children, residing on a tract of land, declared a homestead thereon, that the homestead ceased upon their becoming of age.

APPEAL from a judgment for the plaintiff, in the Twentieth District Court, County of Santa Cruz. BELDEN, J.

The facts are stated in the opinion.

After the decision in Department, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*Ferdinand J. McCann*, for Appellants.

The estate having been created, it could not be extinguished or destroyed, except in the manner pointed out by statute. We have found no cases where a continuation of the homestead right is made to depend upon the continuation of conditions which brought it into existence. (Stats. 1862, p. 519; Civ. Code, § 1243; *Lies* v. *De Diablar*, 12 Cal. 330; *Barber* v. *Babel*, 36 id. 20; *Flege* v. *Garvey*, 47 id. 376; *Pralus* v. *Pacific Min. Co.* 35 id. 30; *Barney* v. *Leeds*, 51 N. H. 276, 277; *Doyle* v. *Coburn*, 6 Allen, 73; *Meader* v. *Place*, 43 N. H. 307; *Atkinson* v. *Atkinson*, 40 id. 250; *Byers* v. *Byers*, 21 Iowa, 268; *Woods* v. *Davis*, 34 id. 264; *Redfern* v. *Redfern*, 38 Ill. 509; *Reeves* v. *Petty*, 44 Tex. 251; *Burns* v. *Jones*, 37 id. 50.)

*Charles B. Younger*, for Respondent.

The statute allows the person a homestead only during the minority of his or her child. Whenever the child either ceases to reside on the homestead property, or attains the age of majority, the right to a homestead ceases. (Hittell's Gen. Laws,

§ 3546 ; *Revalk* v. *Kraemer*, 8 Cal. 66 ; *Gee* v. *Moore*, 14 id.
472 ; *McQuade* v. *Whaley*, 31 id. 535.)

Ross, J. :

Ejectment to recover a lot of land in the city of Santa Cruz.
It appears, that, on the 24th of May, 1867, the defendant Frank
Cooper was the owner and in the possession of the premises.
He was then a widower, and was living there with his family,
which consisted of his sister-in-law and his two minor children
—a son twenty years of age, and a daughter fifteen years of
age. On the day named, he filed a declaration claiming the
premises, then worth $3,500, and at no time since exceeding
$5,000 in value, as a homestead, and on the 25th of June, 1872,
he married his present wife, Lucy S. Cooper, who, immediately
after her marriage, went to reside with her husband upon the
land, and has continued to reside there with him ever since.
When the declaration was filed, the son was employed in a tel-
egraph office, receiving and retaining his wages, boarding at
home, and assisting in maintaining the family. Until October,
1867, the daughter was living with and entirely dependent upon
her father for support. In 1868, she was teaching school and
supporting herself elsewhere.

On the 19th of August, 1878, the defendant Frank Cooper
executed to the plaintiff, for a valuable consideration, a deed of
conveyance for the property, in which deed his wife did not
join ; and it is now claimed by him, in defense to the present
action, as well as by his wife, who was permitted by the Court
below to intervene in the action, that the deed to the plaintiff
was void because of the non-joinder of the wife therein.

On the part of defendants, it is contended that Frank Cooper
acquired the homestead in question by virtue of his being the
head of a family ; and that the right thus acquired inured upon
his subsequent marriage to the benefit of his wife, and that
thereafter the property could not be disposed of without the
joint act of both husband and wife.

Section 5 of the amendatory Act of May 12th, 1862 (Stats.
1862, p. 519), which was in force at the time of the filing
of the declaration and until the taking effect of the Codes, de-
clared : " No unmarried person shall be entitled to select or hold

a homestead, as prescribed in the preceding sections of said act, unless such person has the care and maintenance of his or her minor child, or of a minor brother or sister, or a minor child of a deceased brother or sister, or of a father or mother, or of a grandfather or a grandmother, or of an unmarried sister, then residing on the homestead property with such person."

Here is an express statutory declaration, that no unmarried person shall select *or hold* a homestead unless he has the care and maintenance of one or more of the persons mentioned. In the case at bar, the minor children of the defendant Cooper attained their majority, the son on the 2nd of January, 1868, and the daughter on the 1st of March, 1870. On the last mentioned day, therefore, he ceased to have the care or maintenance of any *minor* child; and not having the care and maintenance of any of the other persons named in the statute, it follows, that on the 1st of March, 1870, he ceased to hold the homestead, which he was allowed to acquire only because he had the care and maintenance of his minor children. In making the provision under consideration, the Legislature was but applying the rule, that where the reason for the exemption ceased, the exemption itself should cease. The homestead right that attached to the premises by virtue of the declaration filed by Frank Cooper on the 24th of May, 1867, having ceased to exist long prior to his marriage with the intervenor, and there having been no declaration of homestead filed by either after marriage, it results that the joining of the wife in the conveyance to the plaintiff was not necessary, the property being the separate property of the husband.

This view renders it unnecessary to determine the other points made on behalf of the respondent.

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.