[L. A. No. 136. In Bank.—September 15, 1897.]

ALICE W. ROBINSON, Appellant, v. EDWARD DOUGH-ERTY, Respondent.

|118  2ɔ9|
|132  612|

HOMESTEAD—COMMUNITY PROPERTY—SURVIVORSHIP—CHILDLESS WIDOWER—EXTENT OF EXEMPTION—PRE-EXISTING DEBTS.—Where a homestead declared by a husband upon community property vested in him as survivor upon the death of his wife, notwithstanding the fact that he was left a childless widower, and ceased to be the head of a family, the extent of the homestead exemption of five thousand dollars continues in his favor as to all pre-existing debts contracted before the death of the wife, and during the existence of the homestead.

APPEAL from an order of the Superior Court of San Diego County declaring the amount of a homestead exemption and refusing to order a sale under execution. W. L. Pierce, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, and Gibson & Titus, for Appellant.

One who is not the head of a family can claim no greater exemption than one thousand dollars. (Civ. Code, sec. 1260.) The present time of the appraisement is the time when the value of the homestead is to be compared with the amount of the then existing exemption. (Civ. Code, sec. 1246.) The object of the homestead law is to protect the home of the family. (Gregg v. Bostwick, 33 Cal. 220; 91 Am. Dec. 637; Tyrrell v. Baldwin, 78 Cal. 475); and when the reason for the rule ceases so should the rule itself cease. (Civ. Code, sec. 3510; Roth v. Insley, 86 Cal. 134, 141; Revalk v. Kraemer, 8 Cal. 66; 68 Am. Dec. 304.)

J. B. Mannix, for Appellant.

A homestead once acquired by the head of a family is not lost by the death or absence of his wife and children, if he continues to occupy it. (Beckmann v. Meyer, 75 Mo. 333, 335-6; Blum v. Gaines, 57 Tex. 123; Kessler v. Draub, 52 Tex. 575; 36 Am. Rep. 727; Wood v. Wheeler, 7 Tex. 13; Webb v. Cowley, 5 Lea, 722; Stanley v. Snyder, 43 Ark. 429; Rollings v. Evans, 23 S. C. 316; Blackwell v. Broughton, 56 Ga. 390; Wilkinson v. Merrill, 87 Va. 513; Barney v. Leeds, 51 N. H. 253; Towne v.

*Rumsey* (Wy., March 14, 1894), 35 Pac. Rep. 1025; *Roberts v. Greer*, 22 Nev. 318; 58 Am. St. Rep.      ; *Stults v. Sale*, 92 Ky. 5; 36 Am. St. Rep. 575.)

THE COURT.—This is an appeal from an order made after final judgment, and arises upon the following facts: Edward Dougherty, the defendant, was the head of a family consisting of himself and his wife. While thus the head of a family he declared a homestead upon community property. This homestead continued, and upon the death of his wife in 1893 it vested in him. (Civ. Code, sec. 1265; Code Civ. Proc., sec. 1474.) Defendant upon the death of his wife was left a childless widower. Plaintiff and appellant is a judgment creditor of respondent, the judgment being a personal judgment for a deficiency remaining after sale of mortgaged premises. The debt was contracted by the husband after the declaration of homestead, and the mortgage did not affect the homestead property. Appellant, by proceedings had under title V, chapter I, of the Civil Code, asked for an appraisement of the homestead, and sought to subject the excess in value of the homestead over one thousand dollars to the payment of her judgment, upon the theory that the husband by the death of his wife, leaving him childless, ceased to be the head of a family, and that, while the homestead property vested in him, the exemption to such a surviving husband was only one thousand dollars. Appraisers were appointed who reported the value of the property to be five thousand dollars. The trial court held that respondent's homestead exemption was in the sum of five thousand dollars, and refused to order the sale. Thereupon plaintiff prosecutes this appeal.

Under this statement of facts it is to be noted that we are called upon to consider merely the nature of the homestead exemption, when the debt which is sought to be enforced against it was created during the existence of the homestead. The rights of a creditor to proceed against that property for a debt afterward created, and the nature and extent of the exemption for such after-created debt, are not questions here calling for consideration, and, consequently, are questions not decided. The single legal proposition presented is this: Is the homestead

exemption of a childless surviving spouse five thousand dollars or one thousand dollars, in a case where the debt sought to be enforced was contracted during the existence of the community and of the homestead, and where the homestead itself was declared during coverture upon community property?

This question was correctly answered by the decision of the trial court.  As to such pre-existing debts the exemption of the homestead is the same as it was during the continuance of the community.  Thus in *Sanders v. Russell*, 86 Cal. 119, 21 Am. St. Rep 26, it is said by this court in Bank, dealing with a like attempt to subject the homestead to the payment of such a debt: "James Lansing died, when the premises became the sole property of Mary W. Lansing (his widow) by operation of law, and was protected as such to the survivor in the same manner as before it had been protected to the community by its homestead character."  In *Roth v. Insley*, 86 Cal. 134, the facts were that a son had declared a homestead, claiming to be the head of the family by virtue of the fact that his mother resided with him on the property.  The mother died, and an effort was made to subject the property to the payment of a debt upon the ground that the son had ceased to be the head of a family, and that the homestead characteristics theretofore impressed upon the property had passed with her death.  It was again held by this court in Bank that, under section 1265 of the Civil Code, as amended in 1880, the homestead set apart under section 1261, subdivision 6, of the Civil Code, did not by the death of the mother cease to be exempt from execution for a debt of the son because he had ceased to be the head of the family.  In *Dickey v. Gibson*, 113 Cal. 26; 54 Am. St. Rep. 321, it is said, referring to section 1265 of the Civil Code: "As will be observed from the foregoing section, upon the death of either spouse a homestead declared upon the community property vests absolutely in the survivor.  In the hands of such survivor it is protected against enforced sale precisely as before it had been protected to the community by its homestead character."

The order appealed from is affirmed.

Beatty, C. J., did not participate in the foregoing decision.