[L. A. No. 691.   Department One.—July 18, 1899.]

In the Matter of the Estate of JOHN B. PACKER, Deceased.

ESTATES OF DECEASED PERSONS—SALE OF REALTY FOR BENEFIT OF HEIRS—VESTED RIGHTS—CONSTITUTIONAL LAW.—Upon the death of the ancestor, the heirs become at once vested with the full property in his real estate, subject only to liens or burdens then existing or created by statutes then in force; and the legislature has no constitutional power, by a subsequent enactment, to interfere with the vested rights of the heirs to dispose of their own property, by authorizing a sale of the realty to be made by an executor or administrator solely for the benefit of the heirs.

APPEAL from an order of the Superior Court of Los Angeles County for the sale of the real estate of a deceased person. W. H. Clark, Judge.

The facts are stated in the opinion.

James Burdett, for Appellant.

Charles L. Batcheller, for Respondent.

CHIPMAN, C.—Pending administration of the above-entitled estate the administrator filed his petition praying for an order to sell certain real property belonging to the estate "on the ground that it was for the advantage, benefit and best interests of the estate and those interested therein," setting forth in detail "in what way an advantage and benefit would accrue to the estate, and those interested therein, by such sale." An order was duly made reciting the substance of the petition and fixing a time and place for its hearing. This order was duly published as required by law. Upon the hearing proofs in support of the petition were submitted, and no one interested in

the estate opposed the application. The sale was ordered and made in due course, and was duly confirmed after hearing of returns of account of sale and upon due notice. The surviving wife of deceased, one of the heirs at law, appeals.

The petition showed that there were no debts, expenses, or charges of administration to be met, and that the only ground for the order was as above stated. Section 1537 of the Code of Civil Procedure, as amended in 1893, reads: "And if said order for sale of real estate is petitioned for on the ground that it is for the advantage, benefit, and best interests of the estate and those interested therein that a sale be made, the petition . . . . must set forth in what way an advantage or benefit would accrue to the estate, and those interested, by such sale," et cetera. Section 1538 of the Code of Civil Procedure provides as follows: "If it appears to the court or judge, from such petition, that it is necessary, or that it would be for the advantage, benefit and best interests of the estate and those interested therein, to sell the whole or some portion of the real estate for the purposes and reasons mentioned in the preceding section, or any of them, such petition must be filed, and an order thereupon made" directing all persons interested to appear and show cause, et cetera, at a time and place specified. Section 1542 of the Code of Civil Procedure authorizes the court to order the sale if the allegations of the petition are sustained by the proofs. Sections 1543 and 1544 relate to the same matters.

Appellant relies upon the case of *Brenham v. Story,* 39 Cal. 179. (Citing, also, *Pryor v. Downey,* 50 Cal. 409; 19 Am. Rep. 656; *McNeil v. Congregational Soc.,* 66 Cal. 110; *Smith v. Olmstead,* 88 Cal. 582; 22 Am. St. Rep. 336; *Bates v. Howard,* 105 Cal. 173; and some other cases; also, 2 Woerner's American Law of Administration, secs. 469, 470.)

In *Brenham v. Story, supra,* an act of the legislature approved April 15, 1861 (Stats. 1861, p. 152), authorized the administrator of Charles White, deceased, "to sell at public or private sale, at his discretion, and without having first obtained an order of the probate court therefor, the whole or any portion of the real estate, or any right, title, or interest therein, claimed, held, or owned by the said Charles White, at the time of his death, as in the judgment of such administrator will best pro-

mote the interests of those entitled to said estate." This act was amendatory of section 1 of an act approved April 6, 1860. (Stats. 1860, p. 148.) Other sections of the act of 1860 required the administrator to report the sale to the court for approval and empowered the court to act ex parte on the report, and made no provision for notice of any hearing on the report. Upon such approval of the court the administrator was authorized to make a deed. This was a special act passed after the death of the intestate. The general law then was much the same as now, and authorized the sale of real estate for the purpose of making payment of family allowance, debts of the decedent, or the debts, expenses, or charges of administration or legacies, but the general law did not then provide for a sale of real estate, there being no such charges, whenever, in the judgment of the administrator, the sale would best promote the interest of those entitled to the estate. This latter, however, was what the legislature undertook to do by special act, after the death of the ancestor. The court said: "Upon the death of the ancestor the heir becomes vested at once with the full property, subject to the liens we have mentioned (the debts, et cetera); and, subject to these liens and the temporary right of possession of the administrator, he may at once sell and dispose of the property, and has the same right to judge for himself of the relative advantages of selling or holding that any other owner has. His estate is indefeasible, except in satisfaction of these prior liens, and the legislature has no more right to order a sale of his vested interest in his inheritance, because it will be, in the estimation of the administrator and the probate judge, for his advantage, than it has to direct the sale of the property of any other person acquired in any other way." Respondent misconceives the controlling principle of the case in placing it on the fact "that in passing the act the legislature usurped judicial functions." The decision rests upon the want of power to order the sale after the title had vested in the heirs except for the purposes provided by the law in force at the death of the ancestor. In the case before us, decedent died July 10, 1891, while a resident of this state, and letters were duly issued to respondent as administrator in May, 1892. The act under which the sale was ordered and made was approved

March 23, 1893. (Stats. 1893, p. 212.) Whether the law is constitutional as applied to the property of decedents who have died since the passage of the act, is a question not presented, and need not be considered or decided. But we think the precise question here involved was decided in *Brenham v. Story, supra,* adversely to respondent's contention, and must rule this case. The principle there laid down, that upon the death of the ancestor the heir at once becomes vested with the full property subject only to liens then existing, or created by statute then in force, has never been questioned by the court. (See *Smith v. Olmstead,* 88 Cal. 582; 22 Am. St. Rep. 336; *Bates v. Howard, supra,* and many other cases that might be cited.) It is true, as we are reminded by respondent, that in the Brenham case the court said, "the right of an heir to his inheritance depends upon positive law, and it is not a natural or an absolute right. It is competent for the legislature to. change the rule of inheritance, or to restrict the testamentary power. It may provide, as it has done, that the heir or devisee shall take subject to certain burdens, as the payment of the debts," et cetera. But this is far from saying that the legislature may, as was attempted in that case, after the title had vested in the heir, empower the administrator to sell the inheritance for purposes not authorized at the time the title vested and to which it was not subject when it vested. Respondent cites Cooley's Constitutional Limitations and some cases in support of the power. These may be worthy of consideration when a case arises under the statute where the decedent has died since the enactment of the amendments, but they do not convince us of any unsoundness in the principles stated in *Brenham v. Story, supra.* The statute authorizing the mortgaging of estates, to which our attention is called, rests upon the principle that the mortgage provides for the payment of liens existing under the law or likely to arise thereunder.

Respondent presents reasons in support of the statute as applicable to estates where the decedent died after the passage of the law, but, as we have said, that question does not necessarily arise here and ought not to be decided until it does arise; any expression of opinion upon it now would be *obiter.*

We advise that the order be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          Garoutte, J., Van Dyke, J., Harrison, J.