[S. F. No. 2324.   Department One.— May 6, 1901.]

In the Matter of the Estate of MARY FATH, Deceased. LOUISE L. FATH et al., Appellants.   THOMAS SCOTT, Executor, et al., Respondents.

HOMESTEAD — SEPARATE ESTATE OF HUSBAND — SELECTION BY HUSBAND — SURVIVORSHIP — CONFLICT IN CODES — REPEAL. — A homestead selected by the husband in his lifetime, from his separate estate, vests absolutely in his surviving wife, under the provisions of section 1474 of the Code of Civil Procedure, as amended April 16, 1880. That section is the latest expression of the legislative will on that subject, and supersedcs the conflicting provisions thereon of section 1265 of the Civil Code, as amended April 6, 1880.

ID. — ESTATES OF DECEASED PERSONS — SUCCESSION OF WIDOW TO HUSBAND'S ESTATE — EFFECT OF ORDER SETTING HOMESTEAD APART. — The descent of the homestead to the surviving widow was governed by the law in force at the death of her husband; and her title by survivorship, under section 1474 of the Code of Civil Pro-

CXXXII. Cal.— 39

cedure, was not qualified or affected by an order setting the property apart to her as a homestead, pending the administration of the estate of her deceased husband. The effect of the order was merely to remove the homestead from the administration of the husband's estate.

ID. — CONTINUANCE OF SELECTED HOMESTEAD — CESSATION — WILL — SUCCESSION. — The homestead so selected by the husband was not affected by his death, but continued so long as it remained a homestead. It ceased to exist upon the death of the widow, leaving no minor children, and became subject to her testamentary disposition, and if she had died intestate, would pass to her heirs, under the laws of succession.

ID. — PROTECTION OF DEVISEES OF WIDOW — DISTRIBUTION FREE FROM INDEBTEDNESS — CONSTRUCTION OF CODE. — Under section 1485 of the Code of Civil Procedure, providing for the protection of " persons succeeding, by purchase or otherwise, to the interests, rights, and title of successors to homesteads," the devisees of the widow, who had succeeded to the homestead declared by her husband, notwithstanding the cessation of the homestead at her death, take all of the rights and benefits conferred by law upon the widow, including exemption from her indebtedness; and they are entitled to distribution of the real property held by her as a homestead, free from the claims of her creditors.

ID. — APPEAL — ORDER DENYING APPLICATION FOR DISTRIBUTION — CODE PROVISION INAPPLICABLE. — Upon an appeal from an order denying an application for distribution, upon which there were no findings of fact and no motion for a new trial, section 659 of the Code of Civil Procedure has no application.

ID. — REVIEW OF EVIDENCE — BILL OF EXCEPTIONS — SPECIFICATIONS OF INSUFFICIENCY. — Specifications in the bill of exceptions upon such appeal, that " the evidence does not show certain facts," are equivalent to specifications of " the particulars in which the evidence is alleged to be insufficient " within section 648 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Alameda County denying a petition for distribution. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Thomas C. Huxley, for Appellants.

G. W. Langan, and Modena I. Scott, for Respondents.

HARRISON, J. — Appeal from an order denying a petition for distribution.

December 29, 1865, Adam Fath was the owner of certain real property in Alameda County, and on that day he filed in

the office of the county recorder a declaration, properly executed and acknowledged by him, of his intention to claim and use the same as a homestead. The property so claimed was his separate estate, and of less than five thousand dollars in value, and he and Mary Fath, the above-named decedent, were husband and wife, and resided thereon with their family. A portion of the land covered by the declaration was conveyed by them in his lifetime, and on July 28, 1894, he died, leaving five children, who were at that time past majority. July 22, 1895, the superior court of Alameda County, wherein his estate was in process of administration, made an order setting apart the said homestead premises to his surviving widow, the above-named decedent, absolutely, for her sole use and benefit, as a homestead. She died December 27, 1898, leaving surviving her the aforenamed five children, and a last will and testament, wherein she devised a portion of said premises to one of her daughters, and the remainder to the other four children, in equal shares. Her will was admitted to probate, and after letters testamentary had been issued thereon, a notice for the presentation of claims against her estate was given by the executor, and certain claims were presented and allowed by him, and approved by the judge, and filed in court. After the time for the presentation of claims had expired, a petition to the superior court for the distribution to the devisees under her will was filed by certain of said devisees, and an objection thereto was filed on behalf of one of the creditors of the estate whose claim had been presented and allowed. Upon the hearing of this petition and objection, the court made an order denying the same, upon the ground that said property was subject to be applied in satisfaction of all unpaid claims presented and allowed against the said estate. From this order the present appeal has been taken.

Section 1474 of the Code of Civil Procedure provides: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of the husband or wife, absolutely in the survivor." This section, in its present form, is the latest expression of the legislative will upon the subject, and supersedes the provisions thereon in section 1265 of the Civil Code. (*Weinreich* v. *Hensley*, 121 Cal. 647.)

Under this provision of the section, Mrs. Fath, upon the death of her husband, became the owner in fee of the homestead property by virtue of her survivorship, and the title thus acquired was not affected by the subsequent order of the court setting the property apart to her as a homestead. (*Sanders* v. *Russell*, 86 Cal. 119;[1] *In re Croghan*, 92 Cal. 370; *Estate of Young*, 123 Cal. 337.) The descent of the property is governed by the law in force at the death of her husband. (*Tyrrell* v. *Baldwin*, 78 Cal. 470.) The effect of that order was to withdraw the property therein named from administration, and to this extent relieve the executor from the necessity of accounting therefor; but it did not qualify or affect the title that had vested in Mrs. Fath at the instant of her husband's death. (*Rich* v. *Tubbs*, 41 Cal. 34; *Bollinger* v. *Manning*, 79 Cal. 7; *In re Ackerman*, 80 Cal. 208.[2]) The homestead character of the property, and its exemption from a forced sale, was not affected by the death of her husband, but continued so long as it remained a homestead. (*Dickey* v. *Gibson*, 113 Cal. 26;[3] *Robinson* v. *Dougherty*, 118 Cal. 299.) Upon the death of Mrs. Fath, leaving no minor child, there ceased to be any family for whose benefit the exemption existed, and the homestead itself ceased to exist. It was subject to her testamentary disposition, and in case she had died intestate it would have descended to her heirs, under the laws of succession.

Section 1485 of the Code of Civil Procedure provides: "Persons succeeding, by purchase or otherwise, to the interests, rights, and title of successors to homesteads, or to the right to have homesteads set apart to them as in this chapter provided, have all the rights and benefits conferred by law on the persons whose interests and rights they acquire." The clause, in the section, referring to the "right to have homesteads set apart" is not involved herein, and the provision, in the section, for persons succeeding "by purchase or otherwise" is universal in its terms. The question then presented is, whether those who acquire the title of a successor to a homestead hold the property under the same exemption as did the person to whose interest they have succeeded.

Succession is defined in section 1383 of the Civil Code to be "the coming in of another to take the property of one who dies without disposing of it by will"; and section 1386 of the

_____

[1] 21 Am. St. Rep. 26, and note.      [3] 54 Am. St. Rep. 321.

[2] 13 Am. St. Rep. 116.

Civil Code gives the rule of succession: "unless otherwise expressly provided in this code and the Code of Civil Procedure." The aforesaid provision of section 1474 of the Code of Civil Procedure is a special rule of succession provided for homesteads, and under its terms Mrs. Fath took the title to the homestead as "successor" to her husband. Section 1485 of the Code of Civil Procedure was adopted by the legislature at the same time as section 1474, and under its provisions those who succeed to the title of Mrs. Fath "have all the rights and benefits conferred by law" on her. One of these rights and benefits was its exemption from being appropriated against her will in satisfaction of any indebtedness incurred by her. If the owner of the homestead incurs any indebtedness, or if any credit is given to him by another, it is with full knowledge on the part of the creditor that the homestead cannot be subjected to sale for payment thereof. The owner can sell and convey the homestead in his lifetime, freed from all liability for any indebtedness incurred by him, and a voluntary conveyance by him cannot be impugned by his creditors, since such conveyance is in no respect in fraud of their rights. (Civ. Code, sec. 3441; *Wetherly* v. *Straus*, 93 Cal. 283.) No injustice is in either case done to the creditors, since they have it always in their power to protect themselves, either by refusing credit, or by demanding such security upon the homestead as will protect them from loss. The object of all homestead legislation is to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors. Such legislation, being of a remedial character, is to receive a liberal construction. (*Keyes* v. *Cyrus*, 100 Cal. 322.[4]) Mrs. Fath could have made a deed of gift of the property to her children in her lifetime, in the same form as she devised it in her will, and they would have taken it freed from any claim of her creditors. The provisions of section 1485 of the Code of Civil Procedure, however, extend to persons who succeed "by purchase, *or otherwise*," and we must hold that her testamentary disposition of the property is attended with the same result.

This question was presented in the case of *Myers* v. *Myers*, 89

---

[4] 38 Am. St. Rep. 296.

Ky. 442, and the same conclusion was there reached, although it does not appear that there was in that state any statutory provision of this nature. The court says, in its opinion: "It would therefore seem no more injury to creditors, nor in contravention of the purpose and reason of the homestead law, for the debtor to pass the title by will than by deed, for if, as has been held, he can by deed, and for merely love and affection, convey the remainder interest to his children, reserving a life estate to himself, we see no reason why he may not do practically the same thing by will, because his creditors are prejudiced in one state of the case no more than the other; in fact, they are not wronged in either; but in both, the object of the law, which is to secure to every housekeeper with a family the certain and uninterrupted enjoyment of a homestead, is accomplished."

The objection, on the part of the respondent, to a consideration of the statement for the reason that the specification of the particulars wherein the evidence is insufficient is defective must be overruled. The appeal is from an order denying an application for an order. The court made no findings of fact, nor was there any motion for a new trial. The provisions of section 659 of the Code of Civil Procedure have, therefore, no application. Section 648 of the Code of Civil Procedure declares that "no particular form of exception is required; but when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." The statement in the present bill of exceptions, that "the evidence does not show" certain facts, is equivalent to saying that the evidence "is insufficient to justify" the decision upon those particular facts.

The order is reversed.

Van Dyke J., and Garoutte, J., concurred.