[S. F. No. 8002. Department One.—October 3, 1917.]

## In the Matter of the Estate of LEONORA MAY HILLS, Deceased.

ESTATES OF DECEASED PERSONS — DESCENT AND DISTRIBUTION — REAL PROPERTY IN FOREIGN STATE—LEX LOCI APPLICABLE.—The law of the state where real property is situated at the death of the owner controls its descent.

ID.—LANDS SOLD UNDER FOREIGN ADMINISTRATION—WHEN NO CONVERSION INTO PERSONAL PROPERTY.—Where a daughter inherited, under the laws of Colorado, lands in that state, owned by her intestate father at the time of his death, and she died thereafter, a resident of California, and after the daughter's death the lands were sold by the Colorado administrator of the father's estate, at probate sale, and the proceeds distributed by decree of the Colorado court to the heirs of the daughter and transmitted to the administratrix of her estate, in California, by an ancillary administratrix in Colorado, the sale of the land did not work a conversion of the proceeds into personal property, but such proceeds remained real property and were distributable, in California, to the surviving husband and children of the daughter in the proportions provided by the laws of Colorado for the descent of real property, and not in accordance with the California laws of succession.

APPEAL from an order of distribution of the Superior Court of Alameda County. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Marguerite Ogden, for Appellant.

Eugene W. Roland, for Respondent.

SHAW, J.—The appeal is from an order distributing the estate of said decedent.

Leonora May Hills died intestate on June 4, 1914, being then a resident of the state of California. She left as her heirs at law her surviving husband, Winford Grant Hills, one son, and two daughters. On January 7, 1908, her father, George Raugh, had died intestate in Colorado, seised of a tract of land in that state. There was no administration in Colorado or elsewhere of his estate until December 22, 1914, which was after the death of Leonora May Hills. In the administration of his estate in the Colorado court, on May 3, 1915, all his real property was sold at probate sale. After paying out of the proceeds the debts and expenses of administration of his estate, the share thereof which had descended to Leonora May Hills amounted to $4,795.44. The final distribution of his estate was had, whereby said sum was ordered to be distributed according to the law of descent of real property in that state to the heirs of said Leonora May Hills, that is to say, one-half of her said share to her said husband, and the other one-half, share and share alike, to her three children. Her husband, in the meantime, had been appointed by the superior court of Alameda County administrator of the estate of his said wife. The sum of money belonging to the heirs of his said wife in Colorado was paid over to an ancillary administratrix of her estate in Colorado, and by that administratrix was transmitted to and received by her said husband as administrator in California. It is this money so received that is the subject of the decree of distribution appealed from.

The court below was of the opinion that it should be treated as personal property of the decedent, and should be distributed according to the law of descent of this state. The appellant contends that this money was the proceeds of the sale of real estate owned by the decedent, at the time of her death, situated in Colorado; that it descended at the time of her death according to the law of Colorado regulating the descent of real estate, and that it should be distributed here in accordance with the law of descent of real estate by which it had originally vested in her heirs at the time of her death. By the law of Colorado the surviving husband of a married woman inherited one-half of her real estate, and the surviving

children the remaining one-half. By the law of California, if a decedent leaves a surviving husband and more than one child living, the husband takes by descent only one-third of her estate, and the remainder goes in equal shares to her children.

Appellant's counsel states the case of the appellant as follows:

(a) At the date of the death of Leonora May Hills she was the owner of real property situated in Colorado.

. (b) The title to this real property then immediately vested in her heirs.

(c) With regard to real property, the law of the state in which it is situated as it exists at the date of the death of the owner controls the descent.

(d) The sale of this real property in administration proceedings in the state where the land is situated does not work a conversion of the proceeds into personal property, so as to make the share of one of the heirs who had died after the death of the original owner and before said sale, personal property of the estate of such heirs, descendible according to the law relating to personal property.

These propositions are sound and should have controlled the court below in making the distribution. The decision in *Brenham* v. *Story,* 39 Cal. 179, and many other cases following and confirming it, supports proposition (b). Proposition (c) is too well established to require the citation of authority in its support. Proposition (d) is in principle supported by the decisions in *Estate of Garrity,* 108 Cal. 472, [38 Pac. 628, 41 Pac. 485], *Estate of Packer,* 125 Cal. 396, [73 Am. St. Rep. 58, 58 Pac. 59], and *Martinovich* v. *Marsicano,* 137 Cal. 354, [70 Pac. 459]. In point of fact, the title to one-half of the interest of the decedent in the land in Colorado had vested in the husband prior to its sale by the Colorado administrator in the administration of the ancestor's estate. The title of the husband to one-half the proceeds being then vested, could not become divested by the subsequent transmission of the money to California for administration there as a part of the estate of Leonora May Hills, except as it might have been divested for some legitimate purpose in the administration of her estate. For purposes of distribution the title remained as it was when the property was passed to the California administrator.

The cases cited by the respondent in opposition to this conclusion are not in point. In *Pennell's Appeal*, 20 Pa. St. 515, a minor child had inherited certain real estate, and during his minority his guardian had sold the same under order of the orphan's court, for the use of the minor. Thereafter the minor died. The court held that the proceeds of the real estate so converted into money in his lifetime for his use descended according to the law of descent of personal property, and not according to the law of descent of real estate. The reason is plainly apparent. It had been converted into money for his use during his lifetime, and was part of his personal estate at the time of his death. Its character was precisely the same as if, after arriving at majority, he had sold the property, received the money, and had then died, leaving the money as part of his estate. The distinction between that case and the present one is obvious. Here the property at the death of the decedent, Mrs. Hills, was real estate. Its subsequent conversion into personalty did not change the title which vested at her death.

The other case cited is *Muus* v. *Muus*, 29 Minn. 115, [12 N. W. 343]. In that case a husband and wife were resident in Minnesota. The father of the wife died in Norway, leaving property there, an interest in which descended to the wife. By the laws of Norway relating to husband and wife, property acquired by the wife in that manner became the common property of herself and her husband, with the sole control in the husband. By the law regulating the marriage relation in Minnesota, where the husband and wife resided, such property became and remained the separate property of the wife, free from the control of the husband. The Minnesota court decided that while the property descended to the wife according to the law of Norway, its character as the separate property of the wife, or the common property of the two, was determined by the law of their domicile regulating the marriage relation, and that it was therefore the separate property of the wife. It is scarcely necessary to say that this decision has no bearing upon the question involved in this case.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.