[Civ. No. 4965. First Appellate District, Division Two.—October 27, 1924.]

In the Matter of the Estate of JOHN MUNTZ, Deceased. MARY M. SMITH, Appellant, v. ELOISE N. MUNTZ, Administratrix, etc., Respondent.

[1] HOMESTEADS — SELECTION FROM COMMUNITY PROPERTY — DEATH — SUCCESSION—TERMINATION.—When a homestead has been selected from community property, upon the death of either the husband or the wife it vests in the survivor, and it ceases to exist upon the death of the survivor.

[2] ID. — DEATH OF SURVIVOR — SUCCESSION BY HEIRS — LIABILITY FOR UNSECURED DEBTS OF DECEASED.—Where a general homestead selection from community property has vested in the husband as survivor of the community upon the death of his wife, and it is not disposed of by him by will or deed during his lifetime and,

1. See 13 Cal. Jur. 530.
2. See 13 Cal. Jur. 534.

therefore, under the laws of succession, passes to his children, all of whom are over the age of majority, such homestead descends to such heirs free from all unsecured debts incurred by the father; and it is immaterial whether such debts were incurred by him prior to or after the homestead vested in him as survivor of the community.

[3] ID.—SUCCESSION—RIGHTS OF HEIRS.—The heirs at law who succeed to a general homestead under the laws of succession have all the rights and benefits conferred by law on the persons whose rights they acquire within the terms of section 1485 of the Code of Civil Procedure; and this is so whether the homestead was selected from the community or separate property of the owner of the homestead.

[4] ID.—CONFLICTING CODE SECTIONS—IMPLIED REPEAL—NONLIABILITY OF HOMESTEAD FOR DEBTS.—Section 1474 of the Code of Civil Procedure, having been enacted subsequent to the enactment of section 1265 of the Civil Code, impliedly repealed the provisions of said section of the Civil Code, in so far as there was any conflict between the provisions of said sections; but there is nothing in section 1474 of the Code of Civil Procedure which either expressly or impliedly conflicts with those provisions of section 1265 of the Civil Code that a general homestead, selected either from community or separate property, and which has passed to the heirs or devisees of the owner, shall not be liable for the debts of the owner, except as provided in section 1241 of the Civil Code.

[5] ID.—DISSOLUTION OF "FAMILY"—LIMITATION OF HOMESTEAD.—The fact that the "family" has been dissolved by the death of the wife and the passing of the children into the age of majority does not require that the homestead be limited to one thousand dollars.

---

(1) 29 C. J., p. 1028, sec. 524 (Anno.). (2) 29 C. J., p. 1004, sec. 491, p. 1011, sec. 502. (3) 29 C. J., p. 1018, sec. 510 (Anno.). (4) 36 Cyc., pp. 1073, 1076. (5) 29 C. J., p. 1014, sec. 507 (Anno.).

APPEAL from a decree of the Superior Court of Alameda County settling a final account and directing final distribution. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Redmond C. Staats and George L. Hughes for Appellant.

---

3. Right to exemption of homestead from ancestor's debts contracted prior to acquisition by him, note, 4 L. R. A. (N. S.) 544. See, also, 13 Cal. Jur. 532; 11 Cal. Jur. 560.

5. See 13 Cal. Jur. 443.

Albert H. Elliot and Guy C. Calden for Respondent.

NOURSE, J.—This is an appeal by a judgment creditor from a decree of settlement of a final account and of final distribution.

John Muntz died intestate August 23, 1922, leaving surviving him six children, all of whom were over the age of majority. His wife, Mary Muntz, predeceased him on the twenty-third day of November, 1913, and at that time all his children were over the age of majority. The only property left by John Muntz was certain realty occupied as the family home for a great many years and upon which in July, 1894, a declaration of homestead was duly made by the said John Muntz, the property selected therefor being then the community property of himself and his wife. From the time of the death of his wife the said John Muntz continued to live at the home, but no one was thereafter dependent upon him for support or under his care and maintenance. Plaintiff's claim is based upon a judgment which was duly entered in her favor against the administratrix based upon an unsecured promissory note. A certified transcript of the judgment was filed with the adminstratrix and protest based thereon was made to the petition of the heirs for final distribution of the estate. This protest was denied by the court and the appeal is taken from the decree which followed.

The appellant raises three points as grounds for reversal: First, that the homestead ceased to exist on the death of the surviving spouse; second, that there being no surviving spouse or minor children and no special provision of law dealing with the setting aside of a homestead from community property, the homestead is excluded and removed from the jurisdiction of the court and distribution thereof must be made in accordance with section 1386 of the Civil Code; and, third, that the deceased, not having been the head of the family at the time the indebtedness was incurred, was entitled to a homestead exemption of but one thousand dollars.

[1] The first point is conceded by respondent, as indeed it must be under the plain provisions of the statutes and the ruling of the supreme court in the *Estate of Fath,* 132 Cal. 609, 612 [64 Pac. 995], and *Raggio* v. *Palmtag,* 155 Cal.

797, 804 [103 Pac. 312]. The rule of these cases is that when a homestead has been selected from community property and upon the death of either the husband or the wife had vested in the survivor (sec. 1474, Code Civ. Proc.), it ceases to exist upon the death of the survivor.

Respondent also concedes much of what is said by appellant under her second point, excepting the discussion of the rules of law relating to probate homesteads. The respondent particularly agrees with the conclusion of the appellant as to the proper interpretation of the code sections relating to the disposition of a homestead selected in the manner given in the statement of facts herein. It is agreed by both parties that the property included in such a homestead is subject to disposition by the survivor like any other property held by him by will or deed, and in the absence of such disposition the title thereto vests in the heirs of such survivor at his death under the laws of succession (sec. 1386, Civ. Code).

Upon the third point, that the deceased, not having been the head of a family when the indebtedness was incurred, was entitled to a homestead exemption of but one thousand dollars, the respondent merely answers that the proposition of the appellant is contrary to all the authorities from which the rule has been adopted that where a homestead has been selected from community property and vested in the husband upon the death of his wife, though the husband as a childless widower then ceased to be the head of the family, his homestead exemption for all pre-existing debts nevertheless continues in the sum of five thousand dollars rather than one thousand dollars. (See *Robinson* v. *Dougherty,* 118 Cal. 299, 301 [50 Pac. 649].)

[2] The real question involved in this appeal is whether a homestead selected from community property and having vested in the husband as survivor of the community upon the death of his wife and not having been disposed of by the husband by will or deed during his lifetime, and having, therefore, passed to his children, who are all over the age of majority, under the laws of succession, descends to such heirs free from all unsecured debts incurred by the owner of the homestead while it was in his possession. The sections of the code which require interpretation are sections 1474 and

1485 of the Code of Civil Procedure and sections 1241 and
1265 of the Civil Code. Section 1474 of the Code of Civil
Procedure determines the rights of a survivor to a homestead
and reads in part: "If the homestead selected . . . was se-
lected from the community property . . . it vests, on the
death of the husband or wife, absolutely in the survivor.
. . . In either case it is not subject to the payment of any
debt or liability contracted by or existing against the hus-
band or wife, or either of them, previous to or at the time of
the death of such husband or wife, except as provided in
the Civil Code." Section 1241 of the Civil Code enumerates
the circumstances under which a homestead may be subject
to execution in satisfaction of judgments. Such execution
may be had only on judgments obtained before the recorda-
tion of the declaration of homestead; on debts secured by
mechanics, contractors, laborers, etc.; on debts secured by
mortgages on the premises, executed by husband and wife,
or by an unmarried claimant; and on debts secured by mort-
gages executed and recorded before the declaration of home-
stead was filed for record. These, then, are the only ex-
ceptions found in the Civil Code in which the homestead
property may be resorted to in satisfaction of the debts re-
ferred to in section 1474 of the Code of Civil Procedure.
As the debt upon which the appellant is suing is not included
in this class her debt would not have been enforceable against
the homestead property during the life of the surviving hus-
band. The real issue, therefore, is whether this exemption
passes on to his heirs in the absence of the disposition of the
property by will or deed.

In the determination of this question the provisions of
section 1485 of the Code of Civil Procedure and section
1265 of the Civil Code become important. The former sec-
tion provides, in part: "Persons succeeding by purchase *or
otherwise* to the interests, rights and title of successors to
homesteads . . . have all the rights and benefits conferred
by law on the persons whose interests and rights they ac-
quired." (Emphasis ours.) Section 1265 of the Civil Code
is entitled "Disposition of on death of spouse—exemption
of," and relates entirely to the matter of homesteads. It
provides for the devolution of homesteads selected from either
community or separate property, and concludes, "but in no

case shall it, or the products, rents, issues or profits thereof be held liable for the *debts of the owner,* except as provided in this title." (Emphasis ours.) The only provisions of the title (title 5) covering the liability of homesteads for the debts of owners are those found in section 1241 which have heretofore been referred to.

In the *Estate of Fath,* 132 Cal. 609, 613 [64 Pac. 995], the supreme court held that the expression "by purchase or otherwise" in section 1485 of the Code of Civil Procedure applied to one who obtained title through the will of the surviving wife of a community property homestead. The facts of that case are similar to the instant case, the homestead having been selected as a general homestead while the husband and wife had living with them minor children. In the Fath case the husband died first and the property vested in the wife, who died leaving five children, all of majority, and who devised the homestead property to these children. A claim was presented against her estate based upon a valid but unsecured indebtedness incurred by the wife after the death of her husband. Objection was made by the creditors to distribution to the devisees and the supreme court held that the property should go to the devisees free from this claim. In the instant case the facts are the same except that the wife died first and the property descended to the children under the laws of succession.

In holding that the devisees under the will were entitled to succeed to the property free from the debts of the owner of the homestead it was necessary for the supreme court to hold that devisees were included in the expression found in section 1475 of the Code of Civil Procedure, "by persons succeeding by purchase or otherwise." This decision was rendered in May, 1901, and has been cited with approval on numerous occasions thereafter. The legislature has met frequently since the rendition of the opinion and has made no changes in the reading of the code section. On the other hand, amendments have been offered to both section 1265 of the Civil Code and section 1474 of the Code of Civil Procedure since that decision which have referred to the rights of the heirs and devisees of the owners of such homesteads in such a way as to indicate the intention of the legislature to accept the interpretation of the supreme court rather than

to disagree with it. **[3]** For these reasons we conclude that the heirs at law who succeed to a general homestead under the laws of succession have all the rights and benefits conferred by law on the persons whose rights they acquire within the terms of section 1485 of the Code of Civil Procedure. This is so whether the homestead was selected from the community or separate property of the owner of the homestead. In other words, the statutes relating to the rights of survivors or successors to homesteads do not make any distinction between one who has acquired a homestead from the owner thereof by gift, will, deed, or under the laws of succession provided in the Civil Code.

If we are correct in this interpretation of the code sections it necessarily follows that the property under consideration came to the heirs upon the death of their father free from any liability for the father's unsecured debts. It is so declared in section 1265 of the Civil Code, which reads, "But in no case shall it (the homestead) be held liable for the debts of the owner." **[4]** It is true that by reason of the confusion in the enactment of section 1265 of the Civil Code and section 1474 of the Code of Civil Procedure the latter section has been held to supplant the Civil Code provisions covering the subject of the devolution of title to the homestead premises because the section of the Code of Civil Procedure was the one last enacted. The same situation arose when both sections were amended in 1911 (*Weinreich* v. *Hensley*, 121 Cal. 647 [54 Pac. 254]; *Estate of Fath*, 132 Cal. 609 [64 Pac. 995]). This, however, does not affect provisions of the Civil Code section which are not in conflict with the provisions of section 1474 of the Code of Civil Procedure. It is only by construction that the latter section has been held to supplant the former. That is to say, it is held that by reason of the later enactment the legislature is assumed to have *impliedly* repealed the provisions of the Civil Code section. This doctrine of implied repeal has never, however, been extended to apply to more than the conflict between the provisions of the respective statutes. It appears that the amendment to section 1265 of the Civil Code was approved February 15, 1911, while the amendment to section 1474 of the Code of Civil Procedure was approved March 1st of the same year. Both sections were, however,

enacted by the same legislature and at practically the same time. We find nothing in section 1474 which either expressly or impliedly conflicts with those provisions of section 1265 which we have heretofore quoted, namely, that a general homestead, selected either from community or separate property, and having passed to the heirs or devisees of the owner, shall not be liable for the debts of the owner except as provided in section 1241 of the Civil Code.

It would seem to follow, therefore, that the property here in dispute came to the heirs of John Muntz free from the debts of the owner. It is argued, however, on the part of the appellant that by reason of the provisions of section 1474 of the Code of Civil Procedure the exemption should run only to such debts as were contracted by or existing against the husband and wife previous to or at the time of the death of such husband or wife. The contention is that when a general homestead has been selected from the community property and the community has been dissolved by the death of either spouse, the homestead then vests in the survivor free from any debts which have existed at the time of the death of the spouse, but that it is thereafter subject to execution for all debts contracted by the survivor while he remains the owner thereof. It may be conceded that the simple reading of the quoted portions of section 1474 lend weight to appellant's argument, but there are two answers: First, that section 1474 does not pretend to be exclusive in naming the character of debts for which the homestead is liable, and that the provisions of section 1265 of the Civil Code, which refer to debts other than those mentioned in the Code of Civil Procedure, are not in conflict with the latter section and are, therefore, controlling in the instant case; second, that the supreme court having in the Fath case, decided in 1901, determined adversely to appellant's contention and held that the homestead property was free from debts contracted by the surviving spouse *subsequent* to the death of her co-owner, and the legislature having had both of these sections before it for amendment on more than one occasion with knowledge of the supreme court's interpretation, it is fair to assume that the legislature accepted the court's interpretation of the code.

[5] It is also argued by the appellant that the "family" having been dissolved by the death of the wife and the passing of the children into the age of majority, the homestead must be limited to one thousand dollars. To support this argument appellant cites *Revalk* v. *Kraemer*, 8 Cal. 66, 73 [68 Am. Dec. 304], and *Santa Cruz Bank of Savings* v. *Cooper*, 56 Cal. 339, 340. It is true that these cases support the contention of appellant, but they both involve an interpretation of the old statutes existing prior to the enactment of the provisions of the code which have heretofore been considered. In fact the cases rested on the language of, those acts to the effect that no unmarried person "shall select *or hold* a homestead" unless he has a family dependent upon him for support. The authority of the cases was rejected in *Roth* v. *Insley*, 86 Cal. 134, 138 [24 Pac. 853], where the supreme court held that since the enactment of section 1265 of the Civil Code they were no longer applicable because that section provided that "from and after the time the declaration is filed for record, the premises therein prescribed constitute a homestead." Thus a homestead once declared "remained as such," say the court in the Roth case, "always exempt from forced sale as against any liability of the owner, except as provided in the provisions of the title of which it was a part." It should also be noted that in the case last cited the court held that the debt there under consideration, not being one mentioned in section 1241 of the code, did not come within the exceptions covered by section 1265. We do not find that the rule of this case has been departed from in any later decisions, and as the opinion was handed down in 1890, it is also fair to assume that the legislature accepted the court's interpretation of the code sections relating to the continuance of the homestead after the family ceased to exist. Taking these two lines of decision we have jurisdictional interpretations of the code sections relating to the status of general homesteads and the exemption thereof from execution for the enforcement of particular classes of indebtedness. Thus a rule of property has been established under which property rights throughout the state may have been acquired and conveyed, and

until the legislature changes the code sections this rule of property should not be disturbed by judicial interpretation.

Decree and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.